## THE UNITED STATES, PLAINTIFFS IN ERROR, *v.* THE MINNESOTA AND NORTHWESTERN RAILROAD COMPANY.

Where the United States brought a case up to this court as plaintiffs in error, and the attorney-general moved for a discontinuance upon the ground that he wished other questions to be presented upon the record, which he deemed necessary for a full elucidation of the case, the court, without expressing an opinion upon these other questions, will grant the motion made by the legal representative of the government.

THIS was a motion by *Mr. Cushing*, (attorney-general,) to withdraw the writ of error, and discontinue the appeal to this court, to which the case had been brought up, by writ of error, from the supreme court of the Territory of Minnesota.

The motion was argued by *Mr. Cushing*, and opposed by *Mr. Barbour* and *Mr. Johnson.* Much matter of general interest was introduced by both sides into the discussion, which it is not deemed necessary to report, because the decision of the court turned upon a single legal point.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the supreme court of the Territory of Minnesota.

An action of trespass was brought by the United States against the defendants before the district court of the first district, in the county of Goodhue, in said Territory, for an alleged trespass committed on section 3, in township No. 112 north, of the public lands.

The defendants justified under an act of incorporation by the legislature of the said Territory, passed March 4, 1854, and by which they were empowered to construct a railroad from a point on the northwest shore of Lake Superior, and near the mouth of the St. Louis River, across the said Territory of Minnesota, by the way of St. Anthony and St. Paul, over the Mississippi at St. Paul, and to such point on the northern bou. dar line of the State of Iowa, as the board of directors might designate, which point should be selected with reference to the best route to the city of Dubuque, provided the location of the road should conform in all respects to such route as might be designated in any act of congress granting lands for the construction of a railroad through the Territory.

The act of incorporation also provided that any lands granted to the Territory in aid of the construction of this road, should be deemed vested in fee-simple in the company; and further, it is alleged that by an act of congress, passed June 29, 1854, for the purpose of aiding in the construction of the road, every alternate section of land designated by odd numbers, for six sections

in width on each side of the road along the line, was granted to the Territory upon the terms and conditions specified in the said act; and also, that the said defendants caused a survey and location of the road as contemplated by the act of incorporation, and that said road includes the land upon which the trespass complained of was committed, and which is a portion of one of the sections granted to the Territory of Minnesota by the act of congress aforesaid.

The plaintiff to this defence set up, by way of replication, that before the trespasses complained of were committed, namely, on the 4th of August, 1854, an act was passed by congress repealing the act previously passed on the 29th of June, granting land in aid of the construction of said road.

To this replication the defendants demurred, and the plaintiff joined in the demurrer.

The district court gave judgment for the defendants on the demurrer.

An appeal was taken from this judgment to the supreme court of the Territory, where, after argument, the judgment was affirmed. From this judgment the plaintiff has appealed to this court by writ of error.

The writ of error was made returnable to this court on the fourth Monday of December, 1854, and the record was brought up by the defendants in error, and filed and docketed on the 21st of the same month.

The attorney-general now moves, on behalf of the United States, to withdraw his writ of error, and discontinue the appeal to this court, which motion is resisted by the counsel for the defendants.

After an appeal brought to the appellate court, the withdrawal or discontinuance of the same is not a matter of course, but, if the plaintiff finds it expedient to discontinue, he must first obtain leave of the court. 2 Daniel's Pr. 1644; 11 Pet. 55. The discontinuance is usually granted on the application, unless some special reason be shown by the defendant for retaining the case with a view to a determination on the merits. Usually, the courts will not allow it, if the party intend at some future time to bring a new appeal, as the allowance under such circumstances would be unjust to the defendant. There is no such ground of objection here, as the attorney-general disclaims trying the questions involved upon the present pleadings. These pleadings, with the exception of some questions arising upon the powers conferred upon the defendants under their act of incorporation, confine the issue to the effect and operation of the act of congress granting the lands in aid of the construction of the road, and of the subsequent repealing act. And these,

doubtless, comprised all the questions which the counsel in the court below, representing the United States, supposed could be material. They are presented very fully and lawyer-like upon the record, and are involved in the judgment rendered in the court below.

The attorney-general, however, avers, that there are other questions than those appearing on the record, which he deems material to be brought to the consideration of the court in deciding upon the force and effect of these acts of congress referred to, and without which he is unwilling to submit the case to the final determination of this court; and asks, therefore, for a withdrawal of the appeal. Without expressing any opinion whether there may or may not be questions presented, other than those appearing upon this record, bearing upon the general matters involved in the litigation, the court are of opinion that the grounds stated by the attorney-general, and his opinion expressed as the legal representative of the government, are sufficient to justify us in granting leave for the discontinuance.

Some technical grounds have been presented, depending upon the rules and practice of the court for the dismissal of the case from the docket, and of the writ of error, which we have not deemed it important to notice, as we think the motion should be granted upon the general ground stated.

Motion to withdraw and discontinue the appeal by writ of error in this case granted.