In re DEMENT.

(Court of Appeals of District of Columbia. Submitted January 12, 1920.
Decided March 1, 1920.)

No. 1250.

1. PATENTS ☞106(2)—MOTION TO REOPEN INTERFERENCE TO PERMIT SUBSTI-
TUTION OF EARLIER APPLICATION HELD ADMISSION THAT ALL COUNTS WERE
SAME.

An application by a party to an interference proceeding that the pro-
ceeding be remanded to the Examiner of Interferences and reopened, so
that he might substitute an earlier application, held an admission that
the subject-matter of all the counts in the interference was the same.

2. PATENTS ☞113(6)—ASSUMED THAT EXAMINER WOULD HAVE PERMITTED
AMENDMENT IN INTERFERENCE, IF MADE IN TIME.

If a party to an interference proceeding had moved in time before the
Examiner of Interferences for leave to amend, by substituting an earlier
application for the one in interference, it must be assumed that the Ex-
aminer would have performed his duty and allowed the amendment.

3. PATENTS ☞112(4)—ESTOPPEL BY INTERFERENCE DECISION TO SET UP CLAIMS
UNDER EARLIER APPLICATION.

Where a party to an interference proceeding in the Patent Office de-
layed until too late to ask leave to substitute an earlier application for
the one involved in the interference, he was estopped, by the decision
awarding priority to another of the parties, from setting up rights to the
claims of the earlier application, which might have been so substituted.

4. PATENTS ☞112(1)—INTERFERENCE DECISION IS RES JUDICATA AS TO ANY
ADMISSIBLE MATTER WHICH MIGHT HAVE BEEN OFFERED.

When the decision in an interference proceeding is relied on as res
judicata, to defeat claims of an application, the Commissioner of Patents
stands in the place of the person having a right to claim res judicata, and
the rule applies that a judgment between the same parties on the same
cause of action is res judicata as to any admissible matter which might
have been offered to sustain or defeat the claim or demand.

5. PATENTS ☞111—MOTION TO REMAND AND REOPEN INTERFERENCE PROCEED-
ING WITHIN PATENT COMMISSIONER'S DISCRETION.

A motion, made while an interference proceeding was pending on appeal
before the Examiner in Chief, to remand and reopen the proceeding, to
permit the moving party to substitute an earlier application, was directed
to the discretion of the Commissioner of Patents, and his denial of the
motion was not an abuse of discretion.

6. PATENTS ☞106(2)—ISSUE IN INTERFERENCE PROCEEDING IS OVER EMBODIED
INVENTION.

The issue in an interference is not merely a claim which is distinct and
separable from other claims, which are or may be made on the same dis-
closure, but is over an embodied invention, not a technical claim.

7. PATENTS ☞112(4)—LOSER IN INTERFERENCE PROCEEDING NOT PERMITTED TO
MAKE EARLIER CLAIM TO SLIGHTLY DIFFERENT DEVICE.

A party to an interference proceeding, after a losing contest as to a
one-way transfer between the accumulators of a computing machine, can-
not afterwards lay an earlier claim to a two-way transfer, when both he
and the adverse party had all along a basis for claim to the two-way
transfer.

Van Orsdel, Associate Justice, dissenting.

Appeal from a Decision of an Assistant Commissioner of Patents.

Patent application by Isaac S. Dement. From a decision of the
Patent Office, rejecting certain claims of the application, the applicant
appeals. Affirmed.

Reeve Lewis, of Washington, D. C., and Frank Parker Davis, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

SMYTH, Chief Justice. Dement appeals from a decision of the Patent Office rejecting claims 20 to 31, inclusive, of his application for a patent relating to a computing machine. For the purposes of our opinion it is sufficient to set out claims 20 and 29. They are:

20. In a calculating machine, the combination, with two groups of totalizer wheels, of means under control of the operator for transferring the number registered in either group to the other.

29. In a calculating machine, the combination of a plurality of sets of accumulators, a key mechanism whereby any one or any number of the accumulators may be caused to register one or more numbers at a time, and means whereby the accumulations on one set of accumulators may be controlled by the accumulations on another set of accumulators.

The rejection was placed upon the ground that Dement was barred by judgment, as well as by estoppel in pais, from making the claims.

Dement was a party to a tripartite interference, wherein one Hopkins and one Peters were the other parties. In that interference, on motion of Hopkins, it was determined that claim 4 of the issue did not read on Dement's application, and the interference as to that claim was dissolved. Dement did not appeal. The interference proceeded as to the remaining claims. Hopkins and Peters took testimony. Dement, the senior party, filed no preliminary statement and took no testimony, but relied on his filing date. The Examiner of Interferences awarded priority to Hopkins. The Board of Examiners reversed his decision and ruled in favor of Dement. The Commissioner affirmed the decision of the Board, but this court reversed the Commissioner and awarded priority to Hopkins. Peters v. Hopkins, 41 App. D. C. 302.

The Dement application involved in the interference just mentioned was filed in January, 1904; but Dement had another application relating to the same subject-matter, which had been filed six months before, or in July, 1903.

After the three-party interference had been argued before the Board of Examiners on appeal, Dement filed a motion, addressed to the supervisory authority of the Commissioner, asking that the proceeding be remanded to the Examiner of Interferences and reopened, so that he might substitute his earlier application, the one here involved, for the application then in the interference. This motion was denied, for the stated reason that it was filed too late.

[1] Dement, in the motion just referred to, said:

"This earlier application clearly discloses the subject-matter of all the counts of the issue now in interference, except count 1."

He further stated that if this earlier application "had been placed in the interference at the time it was declared the decision of the Examiner of Interferences would inevitably have been in" his favor. Thus we have established by Dement's own admission that the subject-matter of all the counts in the tri-party interference was the same, except count 1, with which we have nothing to do in this proceeding.

[2, 3] When the tri-party interference was pending before the Examiner of Interferences, Dement knew what Hopkins and Peters were claiming, because he had access to their files. He also knew, of course, what was in his earlier application, and, as his motion discloses, that the subject-matter was the same as that in his later one, then involved in the interference. This being so, was it not his duty, before the decision of the Examiner was rendered against him, to have filed the motion, which he later filed, when the proceeding was pending before the Board of Examiners? We think it was. True, the Examiner might have overruled his motion; but this is not at all likely. In that respect, however, he would not be in a situation different from that of any litigant who seeks permission in court to amend his pleading. The court may or may not, in the exercise of a sound discretion, grant the motion. Since it would have been the duty of the Examiner to have permitted the amendment, having in mind the statement of Dement that the subject-matter was the same, we must assume that he would have performed his duty, and hence that Dement would have been allowed to amend the application. If he had been, his right to make those claims, as against Hopkins and Peters, could have been decided in that interference.

[4] We have held in Re Marconi, 38 App. D. C. 286, 290, that in a proceeding such as is now before us, where the question of res judicata is raised, the Commissioner stands in the place of the person who has a right to claim the protection of that principle. The case is exactly as if Hopkins was a party to the present proceeding. We have, then, a case in which the parties and the cause of action—claims to the subject-matter—are the same as they were in the tri-party interference. It has long been settled law that a judgment between the same parties upon the same cause of action is res judicata, "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195. See, also, In re Cutler, 48 App. D. C. 444, 447; Blackford v. Wilder, 28 App. D. C. 535, 550; New Departure Mfg. Co. v. Robinson, 39 App. D. C. 504.

In the Blackford Case the court, speaking through the late Chief Justice, ruled that it—

"follows inevitably that the final decision in the first interference is conclusive, unless it can be made to appear that the question upon which the determination of the second case rests is one that neither was nor could have been presented * * * in the first case."

Following this principle, the conclusion is inescapable that Dement is estopped by the decision in the tri-party interference from setting up any right to the claims which are before us.

[5] The fact that when the proceeding was pending on appeal before the Examiners in Chief, Dement filed a motion to reopen the interference, does not affect the conclusion which we have reached. Diligence is one of the things insisted upon in the Patent Office, and rightly so. Dement permitted Hopkins and Peters to take their testimony while they were in ignorance, as he well knew, of the contents

of his prior application. They shaped their case and presented their arguments before the Examiner in the belief that Dement relied upon his filing date alone to defeat them. Not until after the Examiner had decided against him, and he had learned from their testimony what they could establish, did he file his motion. Not only that, but he waited more than four years after the decision that he could not make claim 4, which is the same as claim 20 of the present application, before revealing his true position. During all this time he knew what Hopkins and Peters claimed, as well as what they might claim for their disclosures, because he had access to their files when the ruling on claim 4 was made; yet he made no effort to bring the claims of the earlier application into the pending interference. His motion was directed to the discretion of the Commissioner, and, unless the latter abused his discretion, which we think he did not, his action must be sustained.

[6, 7] Even if Dement had not admitted by his motion that the subject-matter of his first and second applications was the same, we think it would have to be so held. As the Assistant Commissioner said in deciding the case:

"The issue in an interference is not merely a claim which is distinct and separable from other claims which are or may be made on the same disclosure. The contest is over an embodied invention, not a technical claim."

Again:

"The thing adjudicated was no doubt a thing different from the invention now claimed; but it was different only in scope of definition, as a simple pump differs from a double-acting pump. Certainly Hopkins could have been the inventor of the one-way transfer of totalizer results, while Dement was inventor of the two-way transfer. But that is not the whole question. The question is whether, after a losing contest with Hopkins on the one-way transfer, Dement may now for the first time known to Hopkins lay an earlier claim to the two-way transfer, when both he and Hopkins had all along a basis for claim to the two-way transfer, and the applicant knew it."

It was said by Chief Justice Shepard in the Blackford Case (page 544), after reviewing many decisions:

"An interference in fact depends chiefly upon the subject-matter disclosed, and not merely upon the language of the respective claims."

Our decision in Re Martin, 48 App. D. C. 187, 189, in no wise conflicts with anything we have said here. It was there held that, since there was no judgment of priority against Martin, he could not be said to be estopped by judgment. Here there was a decision of priority against Dement and in favor of Hopkins, and it is that decision which bars him from relitigating the questions there involved, or which might have been presented, if he had filed his motion in time.

Believing that Dement is barred by the application of the doctrine of res judicata from asserting any right to the claims involved, the decision of the Commissioner of Patents is affirmed.

Affirmed.

VAN ORSDEL, Associate Justice, dissents.