## WALTHER v. VANDERVEER.
### Patent Appeal No. 3271.

Court of Customs and Patent Appeals.
April 12, 1933.

Henry E. Stauffer, of Washington, D. C., and Howard S. Smith, of Dayton, Ohio, for appellant.

Chas. E. Riordon, of Washington, D. C., and H. C. Lord, of Erie, Pa., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is a motion to dismiss without prejudice an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office awarding priority of invention to appellee, Jewell W. Vanderveer.

The invention relates to new and useful improvements in metal wheels.

It appears from the record that the involved interference was declared November 22, 1927, between appellant's application No. 190,195, filed May 10, 1927, and appellee's application No. 168,728, filed February 16, 1927. Four counts were involved.

After appellant had submitted his evidence in chief, and appellee had submitted a considerable portion of his evidence, the interference was reformed by the striking out of counts 3 and 4, and a new interference, No. 59,989, involving those counts, was declared between the applications of appellant,

appellee, and a third party, Albert F. Brunner.

Thereupon, the two-party interference No. 56,080, involving counts 1 and 2 only, proceeded. Additional evidence was introduced, and the issues submitted. The Patent Office tribunals concurred in holding that appellee was entitled to an award of priority.

Appellant appealed to this court, and thereafter, on November 2, 1932, moved to dismiss his appeal "without prejudice."

On November 14, 1932, appellee filed his written objection to the granting of appellant's motion.

In the three-party interference, No. 59,-989, the tribunals of the Patent Office concurred in holding that the party Brunner was entitled to an award of priority of the invention there involved.

It appears from the brief of counsel for appellee that, after the decision of the Board of Appeals in the three-party interference No. 59,989, awarding priority to the party Brunner, Walther filed a bill in equity in the District Court for the Northern District of Ohio, pursuant to the provisions of section 4915 of the Revised Statutes (U. S. C., title 35, § 63 [35 USCA § 63]). Brunner was made a party defendant. Vanderveer was not made a party to that suit.

It further appears that Vanderveer, one of the losing parties in the three-party interference No. 59,989, gave notice of an appeal to this court, and that the party Brunner served notice, as provided by section 4911 of the Revised Statutes (U. S. C., title 35, § 59a [35 USCA § 59a]), that he elected to have all further proceedings in that case conducted as provided in section 4915 of the Revised Statutes. Thereupon Vanderveer filed a bill in equity in the District Court for the Northern District of Ohio against the parties Brunner and Walther. Walther filed an answer to the bill, and a counterclaim for a patent for the invention defined by the counts involved in this appeal.

The pertinent statutory provisions read:

Section 4911 [U. S. C., title 35, § 59a, 35 USCA § 59a]: "If any applicant is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, in which case he waives his right to proceed under section 63 [4915 of the Revised Statutes (U. S. C., title 35, § 63, 35 USCA § 63)] of this title. If any party to an interference is dissatisfied with the decision of the board of appeals, he may appeal to the United States

Court of Customs and Patent Appeals, provided that such appeal shall be dismissed if any adverse party to such interference shall within twenty days after the appellant shall have filed notice of appeal according to section 60 [4912 of the Revised Statutes (U. S. C., title 35, § 60, 35 USCA § 60)] of this title, file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 63 [4915 of the Revised Statutes]. Thereupon the appellant shall have thirty days thereafter within which to file a bill in equity under said section 63 [4915], in default of which the decisions appealed from shall govern the further proceedings in the case. If the appellant shall file such bill within said thirty days and shall file due proof thereof with the Commissioner of Patents, the issue of a patent to the party awarded priority by said board of appeals shall be withheld pending the final determination of said proceeding under said section 63 [4915]."

Section 4915. [U. S. C., title 35, § 63, 35 USCA § 63]: "Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal. * * * * "

■■ Appellant might, had he preferred, instead of appealing to this court, have brought a proceeding in equity in the District Court. He elected, however, to bring the case here. Appellee might have elected to have had all further proceedings conducted as provided in section 4915, supra. He made no such election. Accordingly, the appeal is here by the voluntary action of each of the parties, although either might have chosen another forum.

Appellant now seeks, by the dismissal of this appeal without prejudice, to confer upon the District Court jurisdiction to determine the issues attempted to be raised by his counterclaim—issues which each of the parties elected to present to this court.

A voluminous record was made before the Patent Office tribunals, and a transcript thereof has been prepared and filed in this court.

In the absence of a showing of inadvertence or mistake, or other equitable considerations, appellant is not entitled to a dismissal of his appeal without prejudice. United States v. Minnesota & Northwestern Railroad Co., 18 How. 241, 15 L. Ed. 347; Donallan v. Tannage Patent Co. (C. C. A.) 79 F. 385; 4 C. J. 588, § 2400. We find here no such equitable considerations. Furthermore, we are of opinion that neither the letter nor the spirit of the provisions of sections 4911 and 4915, supra, warrant the course suggested by appellant. The motion is therefore denied.

Denied.