### JENSEN et al. v. LORENZ et al.*
### Nos. 6881, 6882.

United States Court of Appeals for the District of Columbia.

Decided Aug. 30, 1937.

Rehearing Denied Sept. 27, 1937.

Chas. E. Riordon and C. Russell Riordon, both of Washington, D. C., and Marston Allen, of Cincinnati, Ohio, for appellants.

Thomas J. MacKavanagh, of Washington, D. C., and Benjamin H. Sherman, of Chicago, Ill., for appellees.

Before. MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

It appears that Jensen and Bye, the appellants, were involved in an interference in the Patent Office with the appellees Lorenz and Wodlinger involving competing claims to a certain patent for the use of Vitamin D as an element in soap. The interference was terminated against Jensen and Bye, who thereupon appealed to the Board of Appeals. The Board affirmed the decision of the Examiner of Interferences. Thereupon Jensen and Bye brought a bill in equity in the United States District Court for the District of Columbia under section 4915, Rev.St., as amended (35 U.S.C.A. § 63), praying for an award of a patent upon the article in question. In the bill it was stated that no appeal to the United States Court of Customs and Patent Appeals was·pending or had been taken or decided by that court.

After a hearing duly had upon the bill and the motion to dismiss, the lower court

*Writ of certiorari denied 58 S.Ct. 271, 82 L.Ed. —

sustained the motion and dismissed the bill. Whereupon the present appeal was taken.

It is conceded in this appeal that the plaintiffs below were not entitled to proceed in equity in the lower court for the granting of a patent unless it appeared that they had not taken an appeal from the decision of the Board of Appeals of the Patent Office to the United States Court of Customs and Patent Appeals and that no such appeal was pending or was decided by that court. The sole issue is whether or not the plaintiffs below had taken such an appeal and whether such an appeal was pending or had been decided. This requires an examination of statutes and rules of court governing such appeals.

It is provided in 35 U.S.C.A. § 60, as follows: "When an appeal is taken to the United States Court of Customs and Patent Appeals, the appellant shall give notice thereof to the commissioner, and file in the Patent Office, within such time as the commissioner shall appoint, his reasons of appeal, specifically set forth in writing."

Pursuant to the foregoing section of the statutes the Commissioner of Patents by rule 149 set forty days within which appellants should file their reasons of appeal, and with this provision appellants duly complied.

In rule XXV established by the Court of Customs and Patent Appeals the following provisions apply:

"Any party desiring to appeal to this Court from a decision of the Board of Appeals or the Commissioner of Patents shall file in the Clerk's office a petition, addressed to the court, in which he shall briefly set forth and show that he has complied with the requirements of section 4912 and 4913 of the Revised Statutes of the United States [as amended, 35 U.S. C.A. §§ 60, 61] to entitle him to an appeal, and praying that his appeal may be heard upon and for the reasons assigned therefor to the commissioner. Said reasons for appeal, having been filed with the Commissioner of Patents and made a part of the record, shall not be repeated in the petition of appeal. Said petition of appeal and certified copy of the record in the proceeding shall be filed in this court and the case duly docketed within 40 days (exclusive of Sundays and legal holidays) from the date upon which said reasons for appeal were filed with the Commissioner of Patents: Provided, That the commissioner may for special and sufficient cause extend such time to some definite and fixed date: Provided further, that in inter partes cases appellant shall, at the time of filing said petition of appeal in this court, or within 10 days thereafter, serve a copy thereof upon appellee or his counsel.

"If said petition of appeal and copy of said record shall not be filed within said period of 40 days, unless such time be extended by the commissioner as heretofore provided, the commissioner, upon such facts being brought to his attention by motion of the appellee in inter partes cases, duly served upon the appellant or his attorney, and upon his own motion in ex parte appeals, may take such further proceedings in the case as may be necessary to dispose of the same as though no notice of appeal had ever been given."

The party plaintiffs failed to comply with the above rule XXV and did not file a petition within forty days of March 16, 1936, for appeal to the Court of Customs and Patent Appeals, and did not file a certified copy of the record of the proceedings in the Patent Office. However, more than forty days after March 16, 1936, to wit, on May 6, 1936, the plaintiffs filed with the Commissioner of Patents a motion for extension of time as provided for in the rule above quoted. To this extension of time the defendants objected and instituted a proceeding in accordance with the second paragraph of the rule above quoted, and by motion duly filed brought to the attention of the Commissioner the fact that plaintiffs had not filed their petition for appeal or a certified copy of the record and served this motion upon the plaintiffs. Whereupon the Commissioner entered an order in accordance with the rule disposing of the interference as though no notice of appeal had ever been given. This order was dated May 19, 1936, approving the motion. The prayer of the motion reads as follows: "It is therefore respectfully submitted that this motion should be granted and in accordance with Rule XXV with regard to appeals from the Patent Office to the U. S. Court of Customs and Patent Appeals, the Honorable Commissioner should take such further proceedings in the case as may be necessary to dispose of the same as though no notice of appeal had ever been given by Jensen."

It is provided in 35 U.S.C.A. § 63, as follows: "Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear."

The bill of complaint was filed prior to the expiration of the six months as provided by this statute. The question that arises in this case on the motion to dismiss is as above stated, whether an appeal was ever filed by plaintiff in the United States Court of Customs and Patent Appeals, and, if so, whether such appeal is pending or has been decided.

It is contended by the plaintiffs that, inasmuch as the cause was being proceeded with by the Commissioner in the Patent Office as if no appeal had ever been filed, it must be concluded that such an appeal was not pending or decided and that in such an event the plaintiffs were not prevented from filing their bill in the lower court.

35 U.S.C.A. § 59a, provides: "If any applicant is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, in which case he waives his right to proceed under section 63 of this title. If any party to an interference is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, provided that such appeal shall be dismissed if any adverse party to such interference shall, within twenty days after the appellant shall have filed notice of appeal according to section 60 of this title, file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 63. Thereupon the appellant shall have thirty days thereafter within which to file a bill in equity under said section 63, in default of which the decisions appealed from shall govern the further proceedings in the case. If the appellant shall file such bill within said thirty days and shall file due proof thereof with the Commissioner of Patents, the issue of a patent to the party awarded priority by said board of appeals shall be withheld pending the final determination of said proceeding under said section 63."

It is our opinion that the plaintiffs took an appeal to the United States Court of Customs and Patent Appeals by force of the proceedings taken by them with the Commissioner. They served notice upon the Commissioner of their intention to appeal, and they filed in the Patent Office within forty days, which was the time required, their reasons of appeal specifically set forth in writing. Other steps were necessary to be taken in the Court of Customs and Patent Appeals to perfect the appeal, but, in so far as the Patent Office was concerned, the appeal had been taken by the action of the appellants as above set out. Bakelite Corporation v. National Aniline & Chemical Co., 83 F. (2d) 176, 177 (C.C.A.2d).

It has been ruled that an appellant in a patent interference cannot dismiss an appeal to the United States Court of Customs and Patent Appeals without prejudice for the purpose of conferring jurisdiction on the District Court in an equity suit involving the same issues. Walther v. Vanderveer, 64 F.(2d) 540 (Cust. & Pat.App.).

The appeal taken by appellants was not dismissed by voluntary action on their part, but was rendered nugatory in so far as relief was concerned by the omission of the plaintiffs to file the papers required to be filed in the Court of Customs and Patent Appeals for the taking of such an appeal. Inasmuch as it is held by the Court of Customs and Patent Appeals that dismissal of the appeal by the voluntary action of the appellants cannot be effective, it cannot be believed that the same result could be reached by the appellants simply failing to file the necessary papers after the appeal was taken.

It is evident that Congress intended to require an election by the party as between the two remedies offered to him, to wit, the appeal to the Court of Customs and Patent Appeals on the one hand or a suit in equity under section 4915, Rev.St., as amended (35 U.S.C.A. § 63), on the

other hand, and that when such election is made by the litigant it is to be final. He is not permitted either by omission or by affirmative action upon his part, after having elected to appeal to the Court of Customs and Patent Appeals, to then change his course and file a suit under section 4915, Rev.St., as amended.

This subject was considered in Bakelite Corporation v. National Aniline & Chemical Co., supra, by the Second Circuit Court of Appeals. In that case it is said: "It cannot be doubted that the statute, as it now reads, means to give alternative remedies to an applicant to whom a patent has been refused. He may appeal, 'in which case he waives his right to proceed under section 63 of this title' (35 U.S.C.A. § 59a); or he may have his remedy by bill in equity, 'unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section.' (35 U.S.C.A. § 63)."

This opinion further states: "We are also convinced that such appeal was pending and had not been decided. * * * The statute gives an appellant no right to withdraw his notice of appeal; nor did they purport to. Accordingly, the appeal is still pending so far as this record discloses. Hence no suit could be brought under section 63, and the bill was rightly dismissed." See, also, American Fomon Co. & Urquhart v. Amdyco Corporation (D.C.S.D.N.Y.) October 31, 1932, 15 U.S. Pat.Q. 205.

The decrees of the lower court are affirmed.

Affirmed.

Mr. Justice VAN ORSDEL departed this life before the opinion was handed down.

Mr. Justice STEPHENS dissents.