## UNITED STATES ex rel. WHITE v. COE.
### No. 7021.

United States Court of Appeals for the District of Columbia.

Decided Jan. 17, 1938.

Francis P. Keiper, of Washington, D. C., and Jerome R. Cox, of South Bend, Ind., for appellant.

R. F. Whitehead, Sol., United States Patent Office, of Washington, D. C., for appellee.

Before GRONER, Chief Justice and STEPHENS, and MILLER, Associate Justices.

MILLER, Associate Justice.

An interference was declared in the Patent Office between an application for a patent filed by the petitioner (appellant) White and a patent to Preston and Preston, No. 1,946,759. In the interference proceeding the Examiner awarded priority to the patentees, Preston and Preston, and an appeal was taken by White to the Board of Appeals. The Board reversed the decision of the Examiner and awarded priority to White. Thereupon the patentees filed with the Commissioner a notice of appeal to the United States Court of Customs and Patent Appeals. White, on March 13, 1937, sought to invoke section 4911, R.S., as amended, 35 U.S.C.A. § 59a, by filing with the Commissioner a notice that he elected to have all further proceedings conducted under section 4915, R.S., as amended, 35 U. S.C.A. § 63, that is, by bill in equity.

On the same day the Commissioner refused to enter an order dismissing the appeal of Preston and Preston, and on March 24, 1937, affirmed the ruling. Thereafter, on April 13, 1937, White filed in the District Court a petition for writ of mandamus seeking to compel the Commissioner to dismiss the Preston appeal and "requiring him to refrain from completing said appeal."

The cause was heard on the petition and the return to the rule to show cause,

348

and from the judgment dismissing the petition this appeal was taken.

■ Appellant characterizes the appeal of Preston and Preston as *alleged* and *attempted*—apparently to support the theory that an appeal had not yet been taken, hence that the matter was still under the control of the Commissioner and, consequently, that it was subject to dismissal at his hands. This theory, if pressed to its logical conclusion, would defeat appellant's own contention because—under section 4911, as amended, upon which appellant relies—it is an *appeal* and not an *alleged* or *attempted* appeal which he seeks to have dismissed in his effort to invoke that section. The record reveals that Preston and Preston filed with the Commissioner a notice of appeal, which included an assignment of fifteen reasons of appeal. This constituted the taking of an appeal, and thereafter it was an appeal pending in the Court of Customs and Patent Appeals, within the meaning of section 4915, R.S., as amended. Jensen v. Lorenz, 68 App.D.C. 39, 92 F.2d 992; Bakelite Corporation v. National Aniline & Chemical Co., 2 Cir., 83 F.2d 176. Consequently, appellant's contention is without merit.

■■ The question which is presented for decision, therefore, is whether the Commissioner can be required by mandamus to dismiss an appeal pending before the Court of Customs and Patent Appeals pursuant to the language of Section 4911, R.S., as amended, 35 U.S.C.A. § 59a, which reads in part as follows:

"Provided that such appeal *shall be dismissed* if any adverse party to such interference shall, within twenty days, * * * file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 4915 of the Revised Statutes [section 63]." (Italics supplied.)

The section, it will be observed, does not specify who shall dismiss. It does not on its face require the Commissioner to dismiss, nor does it empower him to do so. Ordinarily, an appeal can be dismissed only with the consent of the appellate court. United States v. Minnesota & N. W. R. R. Co., 18 How. 241, 59 U.S. 241, 15 L.Ed. 347. In such case, of course, the order of the court is carried out by its officer. By our

rules, as well as by rules in other federal courts, the clerk is empowered to enter dismissal upon agreement of the parties, but, of course, that situation does not exist here. Our attention has not been called to any rule of the Court of Customs and Patent Appeals specifically authorizing the Commissioner to dismiss appeals in any case, although paragraph 1 of rule XXV of that court provides that if the petition of appeal to that court and the record are not filed within the specified time, the Commissioner, on motion of the appellee in inter partes cases, and upon his own motion in ex parte cases, "may take such further proceedings in the case as may be necessary to dispose of the same as though no notice of appeal had ever been given."[1] It is therefore doubtful whether he has the power to dismiss even where one of two or more *applicants* in an interference proceeding elects to invoke section 4911, as amended. It has been ruled that under the sections here involved a *patentee* who has been defeated in an interference proceeding, may not proceed by bill in equity under section 4915, as amended; that his only remedy is by appeal; that only *applicants* may resort to the remedy by bill in equity. MacGregor v. Chesterfield, D.C.E.D., Mich., 31 F.2d 791, approved by the Circuit Court of Appeals in Heidbrink v. McKesson, 6 Cir., 53 F.2d 321; Farmer v. Schweyer, Cust. & Pat.App., 58 F.2d 1056; see, also, Syracuse Washing Mach. Corporation v. Vieau, 2 Cir., 72 F.2d 410; Bloodhart v. Levernier, Cust. & Pat.App., 64 F.2d 367. Since it is doubtful whether the Commissioner has power to dismiss when the parties are *applicants,* it is clear that it is even more doubtful whether the power exists when, as in the present case, the party who has appealed is a *patentee.*

■ Under the circumstances, it is obvious that the situation is not one which calls for the use of mandamus. The writ should be used only when the duty of the officer to act is clearly established and plainly defined, and the obligation to act is peremptory. United States ex rel. International Contracting Co. v. Lamont, 155 U.S. 303, 308, 15 S.Ct. 97, 39 L.Ed. 160; Reeside v. Walker, 11 How. 272, 52 U.S. 272, 13 L.Ed. 693; United States ex rel. Greathouse v. Dern, 289 U.S. 352, 53 S.Ct. 614, 77 L.Ed. 1250;

---

[1] Under rule 12 of this court, in cases in which an appeal has been taken but the transcript has not yet been filed, dismissals by agreement may be taken in the lower court. Under that rule the Board of Tax Appeals (a quasi judicial tribunal) is considered the "lower court" for such purpose.

United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148; United States ex rel. American Silver Producers' Ass'n v. Mellon, 59 App.D.C. 24, 32 F.2d 415, 280 U.S. 561, 50 S.Ct. 19, 74 L.Ed. 616.

The Commissioner takes the position that if the patentee is without authority to proceed in equity, he must be permitted his remedy by appeal. Appellant argues that the construction placed upon the two sections in the cases to which we have referred is erroneous, unfair to applicants for patents in interference proceedings, and unmindful of the intent of Congress in enacting the legislation, but no authority is cited in support of his contention.[2] The Commissioner adopted the construction approved by the Circuit Court of Appeals for the Sixth Circuit. His action in so doing was neither arbitrary nor capricious, as that interpretation of the statute is possible and fair. United States ex rel. McLennan v. Wilbur, supra, 283 U.S. 414, at page 419, 51 S.Ct. 502, 504, 75 L.Ed. 1148. The adoption of one of several possible interpretations of a doubtful statute involves the exercise of judgment and discretion, and where the duty of an officer to perform a particular act depends thereon, it cannot be controlled by mandamus. Calf Leather Tanners' Ass'n v. Morgenthau, 65 App.D.C. 93, 80 F.2d 536; United States ex rel. Dunlap v. Black, 128 U.S. 40, 47, 9 S.Ct. 12, 32 L.Ed. 354; United States ex rel. Hall v. Payne, 254 U.S. 343, 41 S.Ct. 131, 65 L.Ed. 295; Work v. Rives, 267 U.S. 175, 45 S.Ct. 252, 69 L.Ed. 561; Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809. Nor will the writ be used to direct the retraction or reversal of action already taken in such exercise of judgment and discretion. Wilbur v. United States ex rel. Kadrie, supra, 281 U.S. 206, at page 218, 50 S.Ct. 320, 324, 74 L.Ed. 809.

For the same reasons the writ should not issue to require the Commissioner to refrain from completing the appeal.

We have carefully considered the other assignments of error and find them without merit.

Affirmed.

---

[2] Compare Wettlaufer v. Robins, 92 F.2d 573, certiorari denied, 58 S.Ct. 477, 82 L.Ed. ——, in which the Circuit Court of Appeals for the Second Circuit held that an applicant successful in an interference proceeding before the Board of Appeals, but unsuccessful before the Court of Customs and Patent Appeals on an appeal by a patentee-interferent could bring a bill in equity to litigate again the question of priority.