46

GAMS et al. v. COE, Commissioner of Patents.

No. 7159.

United States Court of Appeals for the District of Columbia.

Decided April 3, 1939.

E. F. Wenderoth and A. Ponack, both of Washington, D. C., for appellants.

R. F. Whitehead, Solicitor, United States Patent Office of Washington, D. C., for appellee.

Before STEPHENS, MILLER, and EDGERTON, Associate Justices.

PER CURIAM.

This is an appeal from a decree of the District Court dismissing a bill in equity brought under Section 4915, R.S. (U.S.C., tit. 35, § 63, 35 U.S.C.A. § 63), to obtain a patent. The bill was dismissed on the ground that plaintiffs had filed in the Patent Office notice of appeal from the board of appeals of the Patent Office to the United States Court of Customs and Patent Appeals.

The pertinent portions of U.S.C., tit. 35, U.S.C.A. tit. 35, are these:

Section 59a: "If any applicant is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, in which case he waives his right to proceed under section 63 of this title. * * *"

Section 60: "When an appeal is taken to the United States Court of Customs and Patent Appeals, the appellant shall give notice thereof to the commissioner, and file in the Patent Office, within such time as the commissioner shall appoint, his reasons of appeal, specifically set forth in writing."

Section 63: "Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity * * *."

In Jensen v. Lorenz, 68 App.D.C. 39, 92 F.2d 992, certiorari denied 302 U.S. 751, 58 S.Ct. 271, 82 L.Ed. 581, a divided court held that plaintiffs who had taken the steps enumerated in Section 60, by giving to the Commissioner of Patents notice of appeal and seasonably filing in the Patent Office their reasons of appeal, had appealed to the Court of Customs and Patent Appeals and, as the appeal was "pending," could not maintain a bill in equity under Section 63. The Court of Appeals for the Second Circuit had taken the same position in Bakelite Corporation v. National Aniline & Chemical Company, 2 Cir., 83 F.2d 176. The doctrine was applied again in United States ex rel. White v. Coe, 68 App.D.C. 218, 95 F.2d 347, 348.

In the light of the briefs, we interpret the stipulation that "a Notice of Appeal * * * was filed" as including the filing of reasons of appeal. The case is therefore on all fours with the Jensen case. We think that case should not be overruled. The majority of the court there said: "It is evident that Congress intended to require an election by the party as between the two remedies offered to him, to wit, the appeal to the Court of Customs and Patent Appeals on the one hand or a suit in equity under section 4915, Rev.St., as amended (35 U.S.C.A. § 63), on the other hand, and that when such election is made by the litigant it is to be final." 68 App.D.C. 39, 41, 92 F.2d 992, 994. Cases[1] cited by appellant, which involve statutory time limits and not statutory options, are not in point.

Affirmed.

---

[1] Credit Company Limited v. Arkansas Central Railway Co., 128 U.S. 258, 9 S. Ct. 107, 32 L.Ed. 448; Old Nick Williams Co. v. United States, 215 U.S. 541, 30 S.Ct. 221, 54 L.Ed. 318.