CHASE et al. v. COE, Com'r of Patents.
No. 4712.

District Court of the United States for the
District of Columbia.
March 8, 1940.

**936**

George M. Anderson, of Washington, D. C. (George F. Scull, of New York City, and Stuart Hilder, of Orange, N. J., of counsel), for plaintiffs.

William Wallace Cochran, of Washington, D. C., for defendant.

LETTS, Justice.

Upon the record there is no genuine issue as to any material fact. It is agreed or stands without dispute; that plaintiffs' application in suit was previously in an interference proceeding No. 69,901, in the Patent Office, with an application of Harold T. Avery, that said interference was declared on December 26, 1934, that claims numbered 2, 6, 7, 9, 14, 15, 16, 18, 19, 22, and 23, which are as set out in paragraph 7 of the complaint, constituted the issue of said interference, that after due proceedings in the interference the examiner of interferences in a decision rendered on February 29, 1936, awarded priority to plaintiff, that the award was affirmed by the Board of Appeals of the Patent Office in a decision rendered on May 12, 1937, that thereafter the party Avery duly appealed to the United States Court of Customs and Patent Appeals, that said court, in a decision rendered on January 23, 1939, Avery v. Chase, 101 F.2d 205, 26 C.C.P.A., Patents 823, reversed the decision of the Board of Appeals, that thereafter plaintiff petitioned the Supreme Court of the United States for a writ of certiorari, that the petition was denied on May 29, 1939, (307 U.S. 638, 59 S.Ct. 1036, 83 L.Ed. 1519), that further particulars of the proceedings in said interference are as set forth in said decision of the United States Court of Customs and Patent Appeals (101 F.2d 205, 26 C.C.P.A., Patents, 823), that when the party Avery appealed to the United States Court of Customs and Patent Appeals plaintiffs had a right, under Section 4911, R.S., U.S.C., title 35, sec. 59a, 35 U.S.C.A. § 59a, to elect to have all further proceedings conducted as provided in Section 4915, R.S., U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63, that plaintiffs failed to avail themselves of this right and permitted the Court of Customs and Patent Appeals to take jurisdiction of the case.

The action arises under the patent laws of the United States. U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63. (R.S. § 4915). Plaintiffs ask the judgment of this court directing the Commissioner of Patents to grant and issue a patent to plaintiff, Monroe Calculating Machine Company as assignee of the plaintiff Chase. The defendant has filed his answer to the complaint. Plaintiffs and defendant alike agree there is but one issue and that it should be summarily determined. The issue is a narrow one and presents the question whether this court has jurisdiction to entertain the complaint herein under Sec. 4915, R.S., U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63. Otherwise stated the question presented is whether the plaintiffs in the circumstances above related are now entitled to the relief afforded by Sec. 4915, R.S., U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63. It is clear that the relief here sought was available to plaintiffs when the party Avery took his appeal from the decision of the Board of Appeals of the United States Patent Office to the United States Court of Customs and Patent Appeals. Plaintiffs contend that the remedy is still available to them whereas it is asserted by the defendant that plaintiffs elected to submit to the jurisdiction of the United States Court of Customs and Patent Appeals and thereby waived the right to have all further proceedings conducted as provided in

Sec. 4915, R.S., U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63. When the party Avery took his appeal from the decision of the Board of Appeals of the United States Patent Office to the United States Court of Customs and Patent Appeals plaintiffs had an alternative remedy. The undisputed facts indicate that plaintiffs elected to have their rights adjudicated by the United State Court of Customs and Patent Appeals and by submitting to the jurisdiction of that court they waived the alternative remedy provided by Sec. 4915, R.S., U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63, which they now seek to pursue. The United States Court of Customs and Patent Appeals ruled adversely to plaintiffs therein, in its final decision.

■ The remedy provided by Sec. 4915, R.S., U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63 is purely statutory and may be °invoked only in the manner provided by statute and this court has jurisdiction only when the remedy provided is pursued in the manner in which Congress has required. If the jurisdiction is not so invoked the court lacks jurisdiction of the subject matter.

It is important to notice the provisions of Sec. 4911, R.S., U.S.C., title 35, sec. 59a, 35 U.S.C.A. § 59a: "If any applicant is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, in which case he waives his right to proceed under section 4915 of the Revised Statutes. [U.S.C., title 35, sec. 63.] If any party to an interference is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, provided that such appeal shall be dismissed if any adverse party to such interference shall, within twenty days after the appellant shall have filed notice of appeal according to section 4912 of the Revised Statutes [U.S.C., title 35, sec. 60], file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 4915 of the Revised Statutes. * * *"

Plaintiffs are held to have waived the right to pursue the remedy provided by section 4915, R.S., U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63. Such remedy was an alternative remedy and was not an additional remedy to plaintiffs' right to have a review in the Court of Customs and Patent Appeals. The jurisdiction of this court was not invoked by plaintiffs when such alternative remedy was available to them. They may not now be heard to complain when the Court of Customs and Patent Appeals has decided the issue adversely to them. Bakelite Corporation v. National Aniline & Chemical Company, 2 Cir., 83 F.2d 176; Jensen v. Lorenz, 68 App.D.C. 39, 92 F.2d 992; United States ex rel. White v. Coe, 68 App.D.C. 218, 95 F.2d 347; Wettlaufer v. Robins, 2 Cir., 92 F.2d 573.

■ The final decision of the United States Court of Customs and Patent Appeals in Avery v. Chase, 101 F.2d 205, 26 C.C.P.A., Patents, 823, involving the identical claims set forth in the complaint herein and denying the plaintiffs' right to such claims is conclusive here and res adjudicata as to every issue there decided. In re Marconi, 1912 C.D. 483, 38 App.D.C. 286; In re Dement, 49 App.D.C. 261, 263 F. 813; New Departure Mfg. Co. v. Robinson, 1913 C.D. 332, 39 App.D.C. 504; In re Wasserfallen, 54 App.D.C. 367, 298 F. 826; In re Cutler, 1919 C.D. 191, 48 App. D.C. 444; International Cellucotton Products Co. v. Coe, 66 App.D.C. 248, 85 F.2d 869; Mabardy v. Railway Express Agency, D.C., 26 F.Supp. 25.

■ In an action under Section 4915, R.S., U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63, where the Commissioner of Patents is named as defendant and where the question of res adjudicata is raised the Commissioner of Patents stands in the place of the successful applicant in the prior interference. In re Marconi, supra; In re Dement, supra.

It follows that plaintiffs having elected to submit to the jurisdiction of the Court of Customs and Patent Appeals and having waived their right to pursue the alternative remedy provided by 4915, R.S., U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63, may not now when they have lost in the Court of Customs and Patent Appeals invoke the jurisdiction of this court.

Accordingly the defendant's motion for a summary judgment will be sustained, and that of the plaintiffs overruled.