**CHASE et al. v. COE, Com'r of Patents.**

No. 7685.

United States Court of Appeals for the District of Columbia.

Argued April 9, 1941.

Decided May 26, 1941.

George F. Scull, of New York City, and George .M. Anderson, of Washington, D. C., for appellants.

W. W. Cochran, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

GRONER, C. J.

This is an action brought under R.S. § 4915.[1] Appellant George C. Chase was the applicant for a patent. Monroe Calculating Machine Company (the other appellant) is his assignee. The Chase application was involved in an interference with an application of Harold T. Avery. The Patent Office awarded priority to Chase and—as the result of a previous decision of the Court of Customs and Patent Appeals—held against Avery's contention that there was an estoppel against Chase as to the claims in issue. Avery then in turn appealed to the Court of Customs and Patent Appeals. Chase made no objection to the appeal proceedings being conducted in that court and took no action, as he might have done,[2] to have the appeal dismissed and the challenge of the Patent Office decision heard only in a suit in equity in the District Court under 4915. He was content to have the appeal proceed in the Patent Appeals Court, for on

---

[1] 35 U.S.C.A. § 63.

[2] * * * If any party to an interference is dissatisfied with the decision of the board of interference examiners, he may appeal to the United States Court of Customs and Patent Appeals,

the former appeal, to which we have referred, taken by him to that court—and which arose out of a prior interference on the identical claims in issue here and which involved also the identical legal question in issue in the later appeal—the Patent Court had decided the question in his favor, as the result of which the Patent Office, which had formerly rejected his claims, had held he was entitled to them. On the appeal of Avery from the Patent Office decision, Chase doubtless anticipated that the court would adhere to its former view. But the majority of the court, after elaborate discussion of the point, held the former conclusion to be error, and decided the estoppel question, on which it had first ruled in favor of Chase, this time against him. The Patent Office, under its duty to conform to the court's opinion, thereupon rejected his claims. And so it appears that Chase has twice chosen to have the Court of Customs and Patent Appeals determine his right to a patent on the claims in issue here, first by his direct ex parte appeal, and second, by his failure to exercise his privilege to have Avery's appeal proceed under R.S. § 4915. All of which brings us to the question we have to decide, namely, whether in an interference proceeding between two applicants for a patent, the applicant (Chase) who was successful in the Patent Office but unsuccessful in the Court of Patent Appeals, to which the other applicant (Avery) appealed without objection on the part of his opponent, may thereafter again have the entire question reviewed in a proceeding under R.S. § 4915. The District Court held against the right, and dismissed for lack of jurisdiction. 31 F.Supp. 935.

The question is not new, and we had assumed that what we had already said on the subject would be considered as settling the point. For instance, in Jensen v. Lorenz, 68 App.D.C. 39, 92 F.2d 992, certiorari denied 302 U.S. 751, 58 S.Ct. 271, 82 L.Ed. 581, we said of R.S. § 4911 that,[3] when considered in connection with R.S. § 4915,[4] it is evidence of the intention of Congress to require an election by the party as between the two remedies offered to him; the one, an appeal to the Court of Customs and Patent Appeals, the other, a suit in equity under R.S. § 4915; and that when an election is made and there is no protest by the adverse party, it is to be final. We said as much in United States ex rel. White v. Coe, 68 App.D.C. 218, 95 F.2d 347, and in Gams v. Coe, 70 App.D.C. 167, 105 F.2d 46. The Second Circuit in Bakelite Corporation v. National Aniline & Chem. Co., 2 Cir., 83 F.2d 176, reached the same conclusion, and there is a further discussion by that court of the problem, though under different circumstances, in Wettlaufer v. Robins, 2 Cir., 92 F.2d 573, and likewise a review of the legislative history of the several sections,—all of which, we think, confirms the view we have hitherto expressed.

But appellant says that the phrase "all further proceedings" in R.S. § 4911 refers only to further proceedings in interference and not to subsequent ex parte prosecutions of the application of either party to the interference. From this stated premise, he deduces the conclusion that his failure at the time of the appeal by his adversary to elect to have "all further proceedings" conducted in accordance with R.S. § 4915 does not, after the conclusion of the appeal proceedings, bar him from pursuing his equitable remedy under the latter section. He says also that the Court of Customs and Patent Appeals is merely a part of the administrative machinery of the Patent Office and that its decisions bind only the Office and may be reviewed in an equity court at the instance of the losing party in a proceeding subsequently begun under R.S. § 4915. And, finally, he says

---

provided that such appeal shall be dismissed if any adverse party to such interference shall, within twenty days after the appellant shall have filed notice of appeal according to section 60 of this title, file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 63 [R.S. 4915]. * * * "

R.S. § 4911, as amended by Act of March 2, 1927, c. 273, § 8, 44 Stat. 1336; March 2, 1929, c. 488, § 2, 45 Stat. 1476; Aug. 5, 1939, c. 451, § 3, 53 Stat. 1212; 35 U.S.C.A. § 59a.

[3] A party in an interference after an appeal by his adversary to the Court of Customs and Patent Appeals shall have the right to have the appeal dismissed and the proceedings conducted under R.S. § 4915.

[4] When a patent is refused, the applicant, "unless appeal has been taken to the United States Court of Customs and Patent Appeals * * * in which case no action may be brought under this section * * *." (R.S. § 4915, as amended, 35 U.S.C.A. § 63).

that in any event his present action is not really an appeal from the decision of the Patent Court but a new and independent proceeding arising out of the refusal of the patent, which the statute provides may be submitted to a District Court on a new record, and that a new and different finding in that court is not a reversal of the decision of the Patent Court.

▇ We have given careful consideration to these theories, and we are of the opinion they cannot be sustained. Both the history of the court review sections of the patent statute and the language of the several sections clearly indicate the purpose of Congress to require a defeated applicant to elect between an appeal to the Court of Customs and Patent Appeals and a suit under R.S. § 4915, but in no case to have both. And in an interference case the limitation applies equally to his successful opponent. The latter's right to have the proceedings in equity is preserved by the provision in R.S. § 4911 authorizing him to have the appeal dismissed and to require his adversary to resort to R.S. § 4915. Nothing could be fairer than this. In short, the right to appeal to the Court of Customs and Patent Appeals is an optional right, and election to proceed there must be mutual, and where this happens, it confines all further proceedings to that court. If it were otherwise, the obvious purpose of the amendment of 1927,[5] to reduce the number of appeals in patent application cases, would be nullified and litigation would be prolonged beyond reason. And in addition to this, the jurisdiction of the Court of Customs and Patent Appeals, which includes the power to review decisions of the Patent Office and affirm, modify, or reverse the same (Sec. 194, Judicial Code, 28 U.S.C.A. § 307; R.S. § 4914, 35 U.S.C.A. § 62), and to certify its decision to the Commissioner to the end that it shall "govern the further proceedings in the case", would become a shadow without substance or being. And this, we think, was not the purpose Congress had in view.

▇ The ingenious argument of counsel in this respect is well done, but we are unable to find any legal or logical basis on which to sustain it. We think, as we have said in our former opinions, that the decision of the Court of Customs and Patent Appeals, after submission of the case to it without protest, is conclusive as to all the matters adjudicated by it. The anomalous procedure of a new appeal through an equity proceeding never was intended and, as we have already suggested, would defeat the purpose of the 1927 amendments to R.S. § 4915, which was to limit resort to that section to cases in which the option to go to the Court of Customs and Patent Appeals had not been availed of.

Affirmed.

---

[5] See footnote 2.