### MacGREGOR v. CHESTERFIELD.

District Court, E. D. Michigan, S. D. March 28, 1929.

No. 2974.

Barthel, Flanders & Barthel, of Detroit, Mich., for plaintiff.

Parker & Burton, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This cause is before the court on a motion to dismiss the bill of complaint on the ground that it appears from such bill that this court has no jurisdiction over the subject-matter of this suit.

The bill alleges that "this action is brought under section 4915 of the Revised Statutes of the United States, and the jurisdiction of this court is founded upon said section 4915 of the Revised Statutes"; that the plaintiff is the true, sole, and original inventor of certain new and useful improvements in alloys or composition of matter upon which he duly filed an application for a patent in the United States Patent Office, and on which such patent was thereafter duly issued to him; that before the plaintiff had filed his said application the defendant also filed in said Patent Office an application for a patent on a composition of matter, and that after the aforesaid patent was issued to the said plaintiff the said defendant copied the claims of the said patent of the plaintiff and requested an interference thereon; that thereupon an interference was declared between the two patents just mentioned, as a result of which the Examiner of Interferences awarded to said defendant priority of invention of the subject-matter involved in said interference, and that this decision of said Examiner was thereafter affirmed, on appeal, by the Board of Appeals; and that, therefore, the plaintiff brings this bill of complaint under said section 4915 of the Revised Statutes, and prays that he may be adjudged to be the first, sole, and original inventor of the subject-matter in controversy, and entitled, as such, to receive a patent for his invention as specified in his claims, and that said defendant may be adjudged not to be such inventor of the subject-matter of said interference, or of any part thereof, and not entitled to receive a patent upon his aforesaid application.

The motion of the defendant recites that it appears from the bill of complaint that this court has no jurisdiction over the subject-matter of this suit, and is without jurisdiction to hear and determine this cause, because said bill shows that this suit is brought under section 4915 of the Revised Statutes, which provides a remedy by a bill in equity only for an applicant for a patent whose application has been refused, whereas said plaintiff is a patentee in the aforesaid patent issued to him and involved herein; that said section provides no remedy or relief for such a patentee under the averments of said bill; that the only affirmative relief provided by said section is an order of the court authorizing the Commissioner of Patents to issue a patent to the applicant plaintiff; and that, as plaintiff herein now has a patent covering the subject-matter at issue, relief under this section is not provided, notwithstanding that plaintiff has been unsuccessful in the aforesaid interference involving such subject-matter.

Section 4915 of the Revised Statutes of the United States, which, as amended by the Act of March 2, 1927, is now section 63 of title 35 of the United States Code (35 USCA § 63), contains the following provision:

"Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the Board of Appeals to the Court of Appeals of the District of Columbia, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law."

The statute just quoted is the basis, and the only basis, of the claimed right of the plaintiff to maintain the present suit, as indeed appears even from the allegations of the bill already mentioned. The nature and extent of such right are defined and limited, and must be determined, by the language of this statute, properly construed. Unless, then, this statute applies to the plaintiff, and confers on him the right to prosecute this suit, the motion of the defendant must be granted and the bill dismissed. It must also

be borne in mind that the jurisdiction of the federal court, when challenged, is not to be presumed, but must be made to affirmatively appear by him who invokes it.

In examining the language of the statute just quoted, it will be noted that it is thereby clearly provided that it is only "whenever a patent on application is refused" that resort to the "remedy by bill in equity" thereby created is authorized, and that only "the applicant * * * may have remedy by bill in equity." It will also be noted that, in prescribing the "remedy" thus created, the statute provides that "the court * * * may adjudge that such applicant is entitled, according to law, to receive a patent for his invention," and that "such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent." There is no vagueness nor ambiguity in this language of the statute, and it seems plain that the application of such statute is expressly limited, by its terms, to an applicant for a patent whose application has been refused by the officials of the Patent Office, and that it has no application to a person, such as the plaintiff here, who has already received from the Patent Office the patent which is the subject-matter of the suit which he thus seeks to institute in this court.

It is conceded in the brief of the plaintiff that, "if the strict and literal construction of the wording of the section is followed, it would appear that a patentee does not belong to those entitled to the relief extended by the section"; but it is urged on behalf of the plaintiff that "it is not unreasonable to suppose that the draftsman of section 4915 overlooked the possibility of a patentee becoming entitled to the relief intended." It is argued that, "in drawing section 4915, the draftsman, with the consent of Congress, either carelessly omitted or intentionally omitted the phraseology that would expressly extend the right provided by the section to parties to an interference"; and in support of this contention counsel refers to the language of section 4909 of the Revised Statutes, being section 57 of title 35 of the United States Code (35 USCA § 57), which provides that "every applicant for a patent * * * and every party to an interference may appeal from the decision of the Primary Examiner, or of the Examiner in Charge of Interferences in such case, to the Board of Appeals," and counsel argues that similar language should be read into section 4915, "and the section construed as though it expressly referred to any party to an interference." I am unable to follow or agree with this argument; which, in my opinion, defeats itself, since it necessarily assumes (and, as I think, properly so) that Congress, in enacting section 4909, as amended by the Act of March 2, 1927, had in mind the propriety of expressly mentioning "every party to an interference" when it desired to grant a right to such a party as well as to "every applicant for a patent." Consequently, when it omitted similar language from section 4915, which it also had under consideration and amended in certain respects at the same time and by the same Act of March 2, 1927, the implication is strengthened, rather than weakened, that such omission was deliberate, and indicates its intention to limit the remedy of that section to the "applicant" there mentioned.

If there were any doubt as to the correctness of the conclusion to which I have referred, with respect to the proper construction of section 4915, such doubt would be removed by a consideration of the language of section 4911 of the Revised Statutes, being section 59a of title 35 of the United States Code (35 USCA § 59a), as amended by the Act of March 2, 1927, already cited, which section, as so amended, provides as follows:

"If any applicant is dissatisfied with the decision of the Board of Appeals, he may appeal to the Court of Appeals of the District of Columbia, in which case he waives his right to proceed under section 63 of this title. If any party to an interference is dissatisfied with the decision of the Board of Appeals, he may appeal to the Court of Appeals of the District of Columbia, provided that such appeal shall be dismissed if any adverse party to such interference shall, within twenty days after the appellant shall have filed notice of appeal according to section 60 of this title, file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 63. Thereupon the appellant shall have thirty days thereafter within which to file a bill in equity under said section 63, in default of which the decision appealed from shall govern the further proceedings in the case. If the appellant shall file such bill within said thirty days and shall file due proof thereof with the Commissioner of Patents, the issue of a patent to the party awarded priority by said board of appeals shall be withheld pending the final determination of said proceeding under said section 63."

Not only does the language just quoted show that Congress, in legislating on this subject, was careful to expressly grant to "any party to an interference" such rights as it

desired such a party to exercise, but it also clearly indicates an intent on the part of Congress to make the provisions of section 4915, which is referred to in section 4911 as "section 63," inapplicable to a party to an interference other than an applicant only if an adverse party to such interference has appealed from a decision of the Board of Appeals to the Court of Appeals of the District of Columbia. As, however, it does not appear that either party to such interference took any appeal from the decision of the Board of Appeals, the provisions of said section 4911 can have no application to the present suit, except as an aid in determining the proper construction of the applicable language of section 4915. The evident intent of Congress was that no party except an applicant may file a bill in the District Court to review the action of the Patent Office under either section 4911 or section 4915.

For the reasons stated, I reach the conclusion that the plaintiff is not within the provisions of section 4915 of the Revised Statutes, and that, as his bill of complaint herein is based solely upon rights claimed to have been granted by said section of the statute, the motion of the defendant to dismiss said bill must be granted, and such bill of complaint dismissed accordingly, and an order to that effect may be entered.