## HEIDBRINK v. McKESSON.
### No. 5736.

Circuit Court of Appeals, Sixth Circuit.

Nov. 3, 1931.

F. A. Whiteley, of Minneapolis, Minn., for appellant.

George E. Kirk, of Toledo, Ohio (Wm. O. Ballard, of Toledo, Ohio, on the brief), for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

A patent having theretofore issued to plaintiff-appellant, certain claims therein were placed in interference with the claims of defendant-appellee's then pending application. Priority was awarded defendant-appellee, and this decision was affirmed by the Board of Appeals. No appeal was thereupon prosecuted to the Court of Customs and Patent Appeals, but, instead of so appealing, plaintiff-appellant instituted this action in the District Court, claiming the right to do so by virtue of Rev. St. § 4915 (35 U. S. C. § 63 [35 USCA § 63]),[1] as it is contended such section must be construed in the light of Rev. St. § 4911, as amended by the Act of March 2, 1927, c. 273, § 8, 44 Stat. 1336 (35 U. S. C. § 59a [35 USCA § 59a]).[2] These sections are designated hereinafter by the United States Code section numbers. The bill of complaint was dismissed by the District Court upon the authority of MacGregor v. Chesterfield (D. C.) 31 F.(2d) 791. Plaintiff appeals.

---

[1] "Whenever a patent on application is refused, * * * the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim. * * * And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent. * * *"

[2] " * * * If any party to an interference is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, provided that such appeal shall be dismissed if any adverse party to such interference shall * * file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 63. Thereupon the appellant shall have thirty days thereafter within which to file a bill in equity under said section 63. * * * If the appellant shall file such bill within said thirty days and shall file due proof thereof with the Commissioner of Patents, the issue of a patent to the party awarded priority by said board of appeals shall be withheld pending the final determination of said proceeding under said section 63."

Section 63, if read literally, is restricted in its operation to cases where "a patent on application is refused." It is just as obvious that section 59a was designed by Congress to apply only to cases of interference proceedings between pending applications, for its closing provision is that, in the event of the election of an "adverse party" to proceed under section 63, "the issue of a patent to the party awarded priority by said board of appeals shall be withheld pending the final determination of said proceeding under said section 63." But it is contended by plaintiff-appellant that the rest of the language of section 59a nevertheless applies to an interference proceeding between an applicant for a patent and a patentee, and, in the event that priority were awarded to the applicant, and the patentee appealed to the Court of Customs and Patent Appeals, the applicant, as the "adverse party" mentioned in section 59a, could elect to have all further proceedings conducted under section 63, and thus compel the patentee to file a bill in equity in the District Court under the latter section. Hence, it is argued, the enactment of section 59a must necessarily have had the effect of conferring jurisdiction upon the District Court to entertain a bill in equity under section 63 on behalf of a patentee interferent, to secure the continued right of enjoyment of the patent already issued—a right said to be in all respects the equivalent of the right to receive a patent.

The District Court may impliedly be given jurisdiction under the circumstances of the hypothetical case just stated, but this is a question we need not here or now decide. The facts assumed by such hypothetical case are not present here. While the award of priority was to the applicant, there has been no appeal to the Court of Customs and Patent Appeals by the patentee interferent; nor has the applicant elected to have further proceedings conducted under section 63. The plaintiff-appellant already has his patent. Notwithstanding the fact that the mention of "adverse parties" in both sections seems to indicate that the remedies were intended to be open to the parties to an interference proceeding, and such a proceeding is specifically mentioned in section 59a, we are constrained to the opinion that the only review open to a patentee interferent, after an adverse decision by the Board of Appeals of the Patent Office, is by appeal to the Court of Customs and Patent Appeals, or, after issue of a patent to the applicant, by seeking relief against such interfering patent under Rev. St. § 4918 (35 U. S. C. § 66 [35 USCA §

66]). Sections 59a and 63 were not intended, we think, to open the door to a review in the District Court of every decision of the Board of Appeals, and a litigant can avail himself of the remedies there provided only if he brings his case within the conditions so expressly imposed. The decision in Mac-Gregor v. Chesterfield, supra, is approved.

Defendant-appellee in his brief also asks this court to enjoin the commencement of further legal proceedings by plaintiff-appellant, to establish and maintain the patent issued to him, on the ground that such legal proceedings are groundless, vexatious, and oppressive. This issue was not raised below, and cannot be here noticed.

The judgment of the District Court is affirmed, with costs.