## FARMER et al. v. SCHWEYER.
### Patent Appeal No. 3178.

Court of Customs and Patent Appeals.
June 6, 1932.

Paul Synnestvedt and Edward H. Davis, both of Philadelphia, Pa., for appellants.

Melville Church and C. B. Des Jardins, both of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Farmer and Thomas, patentees, were involved in an interference with Schweyer, who was an applicant. Schweyer was given priority by the Board of Appeals. Thereupon Farmer and Thomas appealed to this court. Schweyer, within twenty days, filed a cross-motion under section 4911, Rev. St., as amended (35 USCA § 59a), electing to proceed under section 4915, Rev. St., as amended (35 USCA § 63). Farmer and Thomas did not file a bill in equity, as provided in said section 4911, and thereupon Schweyer moves to dismiss the appeal.

The Commissioner of Patents refused to dismiss the appeal, giving as a reason therefor that Farmer and Thomas, being patentees, had no cause of action under said section 4915, Rev. St., that to do so would leave them without a statutory remedy, and that they were entitled to proceed with their appeal.

In support of this the Commissioner cited MacGregor v. Chesterfield (D. C.) 31 F. (2d) 791, and Heidbrink v. McKesson (C. C. A.) 53 F. (2d) 321, 322.

In the first of these cases, District Judge Tuttle of the Eastern District of Michigan had before him a bill in equity, filed by a patentee who had been defeated in an interference matter in the Patent Office. The cause was heard on March 28, 1929. The District Court held that a patentee could not proceed under said section 4915, and that the evident intent of Congress was that no party except an applicant might file a bill in the District Court to review the action of the Patent Office under either section 4911 or section 4915.

In the second case cited, a patent having issued to a party, certain claims therein were placed in interference with the claims of the other party's pending application. Priority was awarded the applicant. No appeal was prayed to the Court of Customs and Patent Appeals by the defeated party, and the patentee instituted an action in the District Court, claiming to do so under section 4915, Rev. St. The Circuit Court of Appeals was of the opinion that sections 4911 and 4915 were not intended to open the door to review in the District Court of every decision in the Patent Office, but said: "A litigant can avail himself of the remedies there provided only if he brings his case within the conditions so expressly imposed." The argument was made in that case that either party to an interference might appeal under section 4911, if defeated in the Patent Office. The court said: "The District Court may impliedly be given jurisdiction under the circumstances of the hypothetical case just stated, but this is a question we need not here or now decide." The court said it was constrained to the opinion that the only review open to a patentee interferent, after an adverse decision in the Patent Office, is by appeal to the Court of Customs and Patent Appeals, or by seeking relief under section 4918, Rev. St., as amended (35 USCA § 66).

Section 4911 provides that a patent shall not be issued to the person awarded priority pending the final determination of the appeal under section 4915. This would seem to indicate that, in so far as proceedings in equity are concerned, the section was intended to apply only to cases of applicants, and not to a patentee.

An examination of section 4915 discloses that this section was intended to give to an

unsuccessful applicant in the Patent Office an opportunity to have his application heard in a court of equity, optional with a right of appeal to the United States Court of Customs and Patent Appeals. The section, obviously, is intended to apply to an applicant and not to a patentee. The judgment of the court of equity is to be that the applicant may "receive a patent for his invention," which adjudication "shall authorize the commissioner to issue such patent."

This section also provides for service of notice upon "adverse parties," which would indicate that the section was not intended to apply, alone, to ex parte applications for patent.

Section 4918, Rev. St., provides a remedy in equity between interfering patents. In the proceedings authorized by this section, the court "may adjudge and declare either or both of the patents void in whole or in part, upon any ground, or inoperative, or invalid. * * *" Obviously this section has no application to cases such as the one at bar.

Sections 4911, 4915, and 4918, Rev. St., as amended (35 USCA §§ 59a, 63, 66), appear in a marginal note.[1]

Viewing these various provisions of the statute together, we are of opinion that it was not intended by the language of section 4911 to authorize the filing of a bill in equity under said section 4915 by a patentee. If a patentee is involved in an interference and is unsuccessful in the Patent Office, and appeals to this court, he may not be forced to go into equity by notice of the appellee, but has a right to pursue his appeal and seek his remedy in this court. The compelling reason leading to this conclusion is that the court of equity could afford him no relief under said section 4915, even were he authorized by the law to file his bill in such court.

For the reasons assigned, the motion of the appellee to dismiss the appeal is denied.

Motion denied.

---

[1] Sec. 4911. If any applicant is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, in which case he waives his right to proceed under section 63 of this title [4915 of the Revised Statutes]. If any party to an interference is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, provided that such appeal shall be dismissed if any adverse party to such interference shall, within twenty days after the appellant shall have filed notice of appeal according to section 60 of this title [4912 of the Revised Statutes], file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section 63 [4915 of the Revised Statutes]. Thereupon the appellant shall have thirty days thereafter within which to file a bill in equity under said section 63 [4915], in default of which the decisions appealed from shall govern the further proceedings in the case. If the appellant shall file such bill within said thirty days and shall file due proof thereof with the Commissioner of Patents, the issue of a patent to the party awarded priority by said board of appeals shall be withheld pending the final determination of said proceeding under said section 63 [4915].

Sec. 4915. Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law. In all cases where there is no opposing party a copy of the bill shall be served on the commissioner; and all the expenses of the proceedings shall be paid by the applicant, whether the final decision is in his favor or not. In all suits brought hereunder where there are adverse parties the record in the Patent Office shall be admitted in whole or in part, on motion of either party, subject to such terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court may impose, without prejudice, however, to the right of the parties to take further testimony. The testimony and exhibits, or parts thereof, of the record in the Patent Office when admitted shall have the same force and effect as if originally taken and produced in the suit.

Sec. 4918. Whenever there are interfering patents, any person interested in any one of them, or in the working of the invention claimed under either of them, may have relief against the interfering patentee, and all parties interested under him, by suit in equity against the owners of the interfering patent; and the court, on notice to adverse parties, and other due proceedings had according to the course of equity, may adjudge and declare either or both of the patents void in whole or in part, upon any ground, or inoperative, or invalid in any particular part of the United States, according to the interest of the parties in the patent or the invention patented. But no such judgment or adjudication shall affect the right of any person except the parties to the suit and those deriving title under them subsequent to the rendition of such judgment.