**PRESTON et al. v. WHITE.**

**Patent Appeal No. 3960.**

Court of Customs and Patent Appeals.

Nov. 22, 1937.

814

Myron G. Clear, of Washington, D. C. (Harry F. Riley and Geo. C. Shoemaker, both of Washington, D. C., of counsel), for appellants.

Jerome R. Cox, of South Bend, Ind., and F. P. Keiper, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

PER CURIAM.[1]

On September 28, 1934, an interference proceeding was instituted and declared between a patent to Kenneth D. Preston and Hamilton W. Preston, No. 1,946,759, dated February 13, 1934, and a pending application of one John W. White, serial No. 718,863, filed April 3, 1934. The subject matter of the patent and the pending application is certain improvements in signal systems for motor vehicles. The case was submitted upon the preliminary statements and the evidence, and the Examiner of Interferences rendered a decision awarding priority of invention to the patentees, Preston and Preston. The applicant, John W. White, appealed from the adverse decision of the Examiner of Interferences to the Board of Appeals, and, the case having been argued and submitted, the decision of the Examiner of Interferences was reversed. Thereupon, Preston and Preston gave notice to the Commissioner of Patents of their appeal to the United States Court of Customs and Patent Appeals, and reasons of appeal were duly filed. Thereupon, the party White, specially appearing, made a motion to dismiss the appeal to this court on the ground that this court has no jurisdiction of the appeal for the reason that section 4911, R.S. (as amended, 35 U.S.C.A. § 59a), provides "that such appeal [that is, an appeal under section 4911, R. S.] shall be dismissed if any adverse party to such interference shall, within twenty days after the appellant shall have filed notice of appeal according to section 4912 of the Revised Statutes, file notice with the Commissioner of Patents that he elects to have all further proceedings conducted as provided in section [63] 4915 of the Revised Statutes," and that, inasmuch as the party White has filed notice under and by virtue of the provisions of said section 4911, the appeal to the United States Court of Customs and Patent Appeals must be dismissed and further proceedings conducted under and in conformity with the provisions of said section 4915, R.S. (as amended, 35 U.S.C.A. § 63).

Thereupon the matter came on to be heard upon said motion to dismiss the appeal to this court, and further proceedings upon the merits of the interference were continued until the disposition of said motion.

It will be noted that the situation is that the applicant, the party White, insists that under said section 4911 he was entitled to compel the patentees Preston and Preston to dismiss their appeal to this court upon said notice being filed and to compel the patentees to file a bill in equity under said section 4915, R.S. On the other hand, the patentees insist that said section 4915 gives no such right, and that the patentees have a right to proceed to a trial of the interference proceeding in this court, irrespective of such notice, under said section 4911. It is claimed by the party White that if said sections 4915 and 4911 are so construed as to prevent a transfer of said appeal to a court of equity upon notice being given, as is provided in said section 4911, the result will be to deprive the applicant of a remedy in equity in such cases. It is also insisted that the language of the statute is plain and unambiguous, and provides directly that an appeal shall be dismissed in an interference appeal to the United States Court of Customs and Patent Appeals when such notice is filed, and that to hold otherwise is to legislate contrary to the expressed purpose, intent, and language of the statute.

On the other hand, it is claimed by Preston and Preston, the patentees, that to hold as is urged by the applicant would be to deprive the patentees of any right of appeal.

[1] The opinion in this case was prepared by the late Presiding Judge Graham and adopted by the court after his death.

Section 4915, R.S. (as amended, U.S.C., title 35, § 63, 35 U.S.C.A. § 63), is as follows: "Bill in equity to obtain patent. Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law. In all cases where there is no opposing party a copy of the bill shall be served on the commissioner; and all the expenses of the proceedings shall be paid by the applicant, whether the final decision is in his favor or not. In all suits brought hereunder where there are adverse parties the record in the Patent Office shall be admitted in whole or in part, on motion of either party, subject to such terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court may impose, without prejudice, however, to the right of the parties to take further testimony. The testimony and exhibits, or parts thereof, of the record in the Patent Office when admitted shall have the same force and effect as if originally taken and produced in the suit."

As we view the matter, the case has been settled by prior adjudications of this court, as well as by decisions of other courts of the United States. We refer to MacGregor v. Chesterfield, 31 F. 2d 791, a decision of the United States District Court, Eastern District of Michigan. In that case, for the first time to our knowledge, these sections, 4911 and 4915, R.S., were discussed respecting the point here under consideration. In that case, Tuttle, District Judge, held quite plainly and logically, as it seems to us, that a patentee could not sue, under section 4915, R.S., as amended by Act March 2, 1927, § 11 (35 U.S.C.A. § 63), for relief against an order in interference proceedings awarding to another priority of invention, "since such section applies only to the relief of inventors whose application for patent is refused." It will be plainly observed that such must be the reasonable construction to be given to sections 4911 and 4915, R.S. The gist of these sections is that the party in interference who is aggrieved may have a remedy either under section 4911 or section 4915, but it will be noted that the relief provided in section 4915 is limited to the grant of a patent. In view of this fact, where the party already has a patent, what relief may he obtain through equity, having already all that he can obtain therein?

The decision of Judge Tuttle was followed by the Circuit Court of Appeals, Sixth Circuit, in Heidbrink v. McKesson, 53 F.2d 321, 322. There the Circuit Court of Appeals observed that section 4915, R.S., is restricted in its operation to cases where a patent on application is refused. Again, the court said: "The plaintiff-appellant already has his patent. Notwithstanding the fact that the mention of 'adverse parties' in both sections seems to indicate that the remedies were intended to be open to the parties to an interference proceeding, and such a proceeding is specifically mentioned in section 59a, we are constrained to the opinion that the only review open to a patentee interferant, after an adverse decision by the Board of Appeals of the Patent Office, is by appeal to the Court of Customs and Patent Appeals, or, after issue of a patent to the applicant, by seeking relief against such interfering patent under Rev.St. § 4918 (35 U.S.C. § 66 [35 U.S.C.A. § 66]). Sections 59a and 63 were not intended, we think, to open the door to a review in the District Court of every decision of the Board of Appeals, and a litigant can avail himself of the remedies there provided only if he brings his case within the conditions so expressly imposed. The decision in MacGregor v. Chesterfield, supra, is approved."

The same question arose first in this court in Clyde C. Farmer and Thomas H. Thomas v. Daniel Herbert Schweyer, 58 F.2d 1056, 19 C.C.P.A. (Patents) 1247. In this case Farmer and Thomas, patentees, were involved in an interference with Schweyer, who was an applicant. Schweyer was given priority by the Board of Appeals. Thereupon, Farmer and Thomas ap-

pealed to this court. Schweyer, within twenty days, filed a cross-motion under section 4911, R.S., electing to proceed under section 4915. Farmer and Thomas did not file a bill in equity, and Schweyer moved to dismiss the appeal. The Commissioner of Patents refused to dismiss the appeal, giving the reason that Farmer and Thomas, being patentees, had no cause of action under said section 4915; that a dismissal of their appeal to the United States Court of Customs and Patent Appeals under said section 4911 would leave them without relief on appeal. We cited the cases of MacGregor v. Chesterfield and Heidbrink v. McKesson, supra, and followed the doctrine announced therein. Arguendo, we said that section 4911 provides that a patent shall not be issued to the person awarded priority pending the final determination of the proceeding under section 4915, and observed: "This would seem to indicate that, in so far as proceedings in equity are concerned, the section was intended to apply only to cases of applicants, and not to a patentee." Again, we said that this section, namely, 4915, R.S., was intended to apply to an applicant and not to a patentee, observing also that, if there were interfering patents, then either or both of the patents might be held to be void, or inoperative, or invalid, under section 4918, R.S. (as amended, 35 U.S.C.A. § 66). The motion of the appellee to dismiss the appeal was denied.

Again, in Bloodheart v. Levernier, 64 F. 2d 367, 20 C.C.P.A. (Patents) 917, in an opinion by Hatfield, Judge, we adhered to the same reasoning and overruled a motion to dismiss on similar grounds.

In the case of Wettlaufer et al. v. Robins et al., 92 F.2d 573, recently decided by the United States Circuit Court of Appeals for the Second Circuit, our rulings in the cases of Farmer v. Schweyer, supra, and Bloodheart v. Levernier, supra, were expressly approved.

It is argued by appellee that the legislative history of section 4911 clearly indicates that an applicant in interference proceedings should have the option to file a bill in equity under section 4915 whenever a final decision is made awarding priority of invention to his opponent, and that if we adhere to our former rulings on this point, and upon the merits reverse the Board of Appeals in the instant case, appellee would never have had the opportunity, which Congress intended to preserve, of proceeding in equity under section 4915 to determine the question of priority of invention and his right to a patent.

Appellee asserts that this remedy of proceeding in equity had existed continuously since 1836, and that the legislative history shows that Congress intended that it should continue under the revision of section 4911 in 1927.

Granting that such was the intent of Congress, as ascertained from the legislative proceedings respecting the revision of 1927, it is equally clear that Congress never intended to prevent an interferant patentee from having relief by appeal to this court. The statute is clear and unambiguous that any party dissatisfied with the decision of the Board of Appeals may appeal to this court. It is then provided that under the circumstances stated in section 4911 an appeal so taken shall be dismissed, but the provision for dismissal applies only where a proceeding in equity under section 4915 may be had.

It may be that Congress made a mistake in legislating, and omitted to make provision for a case like the one at bar, but if it did so it is not our province to exercise legislative functions to correct the mistake.

It appears, therefore, from the adjudicated cases on the subject, that the motion of the applicant should not be sustained, that the patentees have a right to proceed under section 4911, R.S., as to rule otherwise would be to deprive them of any right of appeal whatsoever.

Inasmuch as the case has been heard only on the motion to dismiss, without any hearing on the merits of the interference, the case is continued and, it appearing that appellants have already filed their brief on the merits, appellee is allowed until January 1, 1938, to file his brief on the merits.

The motion to dismiss is denied, and the cause is continued until further order.