26 C.C.P.A.(Patents)

## GALENA MFG. CO. OF ILLINOIS v. SUPERIOR OIL WORKS.
### Patent Appeal No. 4215.

Court of Customs and Patent Appeals.
June 15, 1939.

As Amended on Denial of Rehearing
July 1, 1939.

E. W. Shepard, of Washington, D. C. (Henry M. Huxley and Ralph Munden, both of Chicago, Ill., of counsel), for appellant.

James Hamilton, of Washington, D. C., for appellee.

R. F. Whitehead, of Washington, D. C., amicus curiæ.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The questions involved here arise by virtue of two appeals by the Galena Manufacturing Company of Illinois (formerly the Galena Axle Grease Co.), hereinafter referred to as the Galena Company, from the Commissioner of Patents who affirmed the decision of the Examiner of Interferences for Trade-marks sustaining petitions for cancellation of two trade-marks involving the word "Superior" which had been registered by the Galena Company.

The first appeal was taken by the Galena Company from the holding of the commissioner of July 7, 1938. Pursuant to sections 4912 and 4913 of the Revised Statutes of the United States, 35 U.S.C.A. §§ 60, 61, the Galena Company on August 22 gave notice to the commissioner of its appeal to this court and filed with him in writing its reasons for appeal. Shortly after that date the Galena Company filed with the commissioner its praecipe for a transcript in connection with its said notice of appeal.

On September 10, the Superior Oil Works filed a paper with the commissioner entitled its "Notice of Election and Petition Asking Dismissal of Appeal" under section 4911 of the Revised Statutes, 35 U.S.C.A. § 59a, in which notice election was made to have all further proceedings in the case conducted in accordance with section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, and a request was made that the commissioner dismiss the appeal of the Galena Company.

On September 13, the commissioner issued an order dismissing the appeal.

On September 24, the Galena Company filed its petition with the commissioner to vacate his order of dismissal, which petition the commissioner denied on September 27. On account of his denial of the petition the commissioner has not forwarded the transcript requested in the above-referred-to praecipe.

Within the statutory period for appeal from the commissioner the Galena Company, on October 3, filed its notice of appeal to this court from the commissioner's order of dismissal and from the commissioner's decision of September 27 denying the petition that the order of September 13 be vacated. At about this time the Galena Company filed its praecipe for transcript relating to its second appeal and later filed a supplemental praecipe. On October 3, the Galena Company filed with the commissioner a motion for extension of time for filing the petition of appeal and certified copy of the record in this court on the first appeal. The commissioner promptly overruled said motion but stated that under certain circumstances the petitioner might renew its request for said extension of time.

On October 6, the Superior Oil Works filed with the commissioner its motion for dismissal of appellant's second notice of appeal and for the denial of the request or praecipe for copies.

On October 7, the Galena Company filed a civil action in the District Court of the United States for the District of Columbia entitled "Galena Manufacturing Company of Illinois v. Conway P. Coe, Commissioner of Patents" praying that the

court enjoin the cancellation of its two aforesaid registered trade-marks.

The Superior Oil Works on October 10, filed with the commissioner a motion to dismiss appellant's second notice of appeal, which motion was overruled.

On November 19, within the time provided by this court's rule XXV, the Galena Company filed with the clerk of this court its petition of appeal and a certified copy of the record with respect to the second appeal directed against the order of dismissal. Within the thirty days provided by rule XXVI of this court respondent paid to the clerk the estimated amount of costs involved in the appeal.

On November 25, counsel for the Superior Oil Works entered a special appearance in this court on behalf of the Superior Oil Works "for the purpose of raising the question of the jurisdiction of the Court to entertain this appeal." By reason of said special appearance, printing of the record was withheld pending the ruling of the court on the question of jurisdiction.

On December 31, the Superior Oil Works filed with this court its motion to dismiss the second appeal. On March 3, 1939, the Superior Oil Works filed in this court a motion to dismiss the original appeal and on March 14 counsel for the Superior Oil Works filed in this court a paper requesting the clerk of the court to change his appearance from a special to a general appearance.

The pertinent statutory provisions are set out in the marginal note.[1]

---

[1] Act of February 20, 1905, Section 9, 15 U.S.C. 89, 15 U.S.C.A. § 89, reading as follows: "Sec. 9. [§ 89.] That if an applicant for registration of a trade-mark, or a party to an interference as to a trade-mark, or a party who has filed opposition to the registration of a trade-mark, *or party to an application for the cancellation of the registration of a trade-mark, is dissatisfied with the decision of the Commissioner of Patents, he may appeal to the United States Court of Customs and Patent Appeals,* on complying with the conditions required in case of an appeal from the decision of the commissioner by an applicant for patent, or a party to an interference as to an invention, and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable." (Italics ours.)

Section 4911, Revised Statutes, 35 U. S.C. 59a, 35 U.S.C.A. § 59a (relating to patents), reading as follows: "Sec. 4911. [§ 59a.] If any applicant is dissatisfied with the decision of the board of appeals, *he may appeal to the United States Court of Customs and Patent Appeals,* in which case he waives his right to proceed under section 4915 of the Revised Statutes [section 63 of this title]. *If any party to an interference is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, provided that such appeal shall be dismissed if any adverse party to such interference shall, within twenty days after the appellant shall have filed notice of appeal according to section 4912 of the Revised Statutes* [section 60 of this title], *file notice with the Commissioner* of Patents that he elects to have all further *proceedings conducted as provided in section 4915 of the Revised Statutes* [section 63]. *Thereupon the appellant shall have thirty days thereafter within which to file a bill in equity under said section 4915* [section 63], in default of which the decisions appealed from shall govern the further proceedings in the case. If the appellant shall file such bill within said thirty days and shall file due proof thereof with the Commissioner of Patents, the issue of a patent to the party awarded priority by said board of appeals shall be withheld pending the final determination of said proceeding under said section 4915 [said section 63]." (Italics ours.)

Section 4915, Revised Statutes, 35 U. S.C. 63, 35 U.S.C.A. § 63 (relating to patents) reading in part as follows: "Sec. 4915. [§ 63.] *Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the Board of Appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention,* as specified in his claim or for any part thereof, as the facts in the case may appear. *And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner*

From the foregoing statement of facts it will be observed that there has been no petition of appeal or certified copy of the record filed in this court except as it appears as a part of the record in the instant appeal. We have before us in the instant appeal a certified copy of the Galena Company's notice of appeal filed August 22, and the notice of election by the Superior Oil Works filed September 10, 1938.

It seems to us that all the issues raised and pressed here which we need to decide, will have been decided when we have determined two questions: First. Under the mandate of section 4911 is it the duty of the commissioner or of this court, under circumstances like those at bar, to pass upon the question of the dismissal of an appeal in a trade-mark proceeding where a notice of election has been filed in accordance with the provisions of said section 4911? Second. Do the provisions of section 4911 require that the Galena Company's first appeal be dismissed by reason of the election of the Superior Oil Works to have all further proceedings conducted under section 4915?

As has been pointed out by this and other courts, Congress in the enactment of said section 4911 made no provision as to who should dismiss the appeal, in event it was one subject to dismissal, after an election had been made by an adverse party. We are informed that for many years the commissioner passed upon the question of dismissing appeals under circumstances like those at bar while the Court of Appeals of the District of Columbia entertained the jurisdiction which we now have and that such action on the part of the commissioner was authorized by the court. Prior to our amendment of rule XXV the commissioner had continued to exercise the same authority on appeal to this court although no rule was adopted by us on this subject. Prior to the amendment of rule XXV, in some instances where the commissioner had refused to dismiss, we have passed upon the question of dismissal. This court and other courts in a number of decisions in certain interference cases in which notices of election had been filed, held that the appeals should not be dismissed for the reason that the party appealing could not be required to proceed under section 4915. In the light of these considerations, this

court on December 5, 1938 (subsequent to the commissioner's order of dismissal involved here), amended its rule XXV so as to require that the commissioner certify to this court copies of the notice of appeal and the notice of election, and a rule to the same effect was adopted by the Patent Office. Since that date all matters with reference to the dismissal by virtue of the provisions of section 4911 have been certified to this court and here docketed for such disposal as the cases might warrant.

On the question as to whether or not it is the duty of this court to pass upon questions of dismissal under section 4911, we think a comparatively recent decision of the United States Court of Appeals for the District of Columbia, United States ex rel. White v. Coe, 68 App.D.C. 218, 95 F.2d 347, 348, is quite persuasive. In that case Preston et al., defeated interferant-patentees took appeal to this court. White, as an adverse party, filed with the commissioner a notice of election to have all further proceedings conducted under section 4915. The commissioner refused to enter the order of dismissal of the appeal. White filed in the United States District Court for the District of Columbia a petition for a writ of mandamus seeking to compel the commissioner to dismiss the appeal and to refrain from completing said appeal. That court dismissed the bill and upon appeal its judgment was affirmed. The question there presented was whether or not the commissioner should be required by mandamus to dismiss the appeal under the stated circumstances. The appellate court said:

"Appellant characterizes the appeal of Preston and Preston as *alleged* and *attempted*—apparently to support the theory that an appeal had not yet been taken, hence that the matter was still under the control of the Commissioner and, consequently, that it was subject to dismissal at his hands. This theory, if pressed to its logical conclusion, would defeat appellant's own contention because—under section 4911, as amended, upon which appellant relies—it is an *appeal* and not an *alleged* or *attempted* appeal which he seeks to have dismissed in his effort to invoke that section. The record reveals that Preston and Preston filed with the Commissioner a notice of appeal, which included an assign-

---

to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with

the requirements of law. * * *"
(Italics ours.)

ment of fifteen reasons of appeal. This constituted the taking of an appeal, and thereafter it was an appeal pending in the Court of Customs and Patent Appeals, within the meaning of section 4915, R.S., as amended [35 U.S.C.A. § 63]. Jensen v. Lorenz, 68 App.D.C. 39, 92 F.2d 992; Bakelite Corporation v. National Aniline & Chemical Co., 2 Cir., 83 F.2d 176. Consequently, appellant's contention is without merit.

\* \* \* \* \* \*

"The section, it will be observed, does not specify who shall dismiss. It does not on its face require the Commissioner to dismiss, nor does it empower him to do so. Ordinarily, an appeal can be dismissed only with the consent of the appellate court. United States v. Minnesota & N. W. R. R. Co., 18 How. 241, 59 U.S. 241, 15 L.Ed. 347. In such case, of course, the order of the court is carried out by its officer. By our rules, as well as by rules in other federal courts, the clerk is empowered to enter dismissal upon agreement of the parties, but, of course, that situation does not exist here. Our attention has not been called to any rule of the Court of Customs and Patent Appeals specifically authorizing the Commissioner to dismiss appeals in any case, although paragraph 1 of rule XXV of that court provides that if the petition of appeal to that court and the record are not filed within the specified time, the Commissioner, on motion of the appellee in inter partes cases, and upon his own motion in ex parte cases, 'may take such further proceedings in the case as may be necessary to dispose of the same as though no notice of appeal had ever been given.' It is therefore doubtful whether he has the power to dismiss even where one of two or more *applicants* in an interference proceeding elects to invoke section 4911, as amended [35 U.S.C.A. § 59a]. It has been ruled that under the sections here involved a *patentee* who has been defeated in an interference proceeding, may not proceed by bill in equity under section 4915, as amended; that his only remedy is by appeal; that only *applicants* may resort to the remedy by bill in equity. MacGregor v. Chesterfield, D.C.E.D.,Mich., 31 F.2d 791, approved by the Circuit Court of Appeals in Heidbrink v. McKesson, 6 Cir., 53 F.2d 321; Farmer v. Schweyer, Cust. & Pat. App., 58 F.2d 1056; see, also, Syracuse Washing Mach. Corporation v. Vieau, 2 Cir., 72 F.2d 410; Bloodhart v. Levernier, Cust. & Pat. App., 64 F.2d 367. Since it is doubtful whether the Commissioner has power to dismiss when the parties are *applicants,* it is clear that it is even more doubtful whether the power exists when, as in the present case, the party who has appealed is a *patentee.*"

The court there held that an appeal to this court is taken when the notice of appeal and the reasons of appeal are filed with the commissioner. To the same effect, and probably more to the point on the question as to when the appeal is taken, is Jensen et al. v. Lorenz et al., 68 App.D.C. 39, 92 F.2d 992, 994. In that case, Jensen et al., appellants, were involved in an interference with Lorenz et al., and Jensen et al., the defeated patentees, brought a bill in equity in the United States District Court for the District of Columbia under section 4915 praying for an award of a patent. The bill stated that plaintiffs had not appealed to, and that no appeal was pending in, the United States Court of Customs and Patent Appeals. It developed that Jensen et al. had filed their notice of appeal and reasons of appeal but failed to file, in accordance with the statute and rules, a petition to this court within the forty days limit. The question presented was whether or not the plaintiffs below at the time of filing the bill in equity had *taken* such an appeal and whether such an appeal was pending or had been decided in this court. After considering the pertinent rules and statutory provisions, the court, among other things, said: "It is our opinion that the plaintiffs took an appeal to the United States Court of Customs and Patent Appeals by force of the proceedings taken by them with the Commissioner. They served notice upon the Commissioner of their intention to appeal, and they filed in the Patent Office within forty days, which was the time required, their reasons of appeal specifically set forth in writing. Other steps were necessary to be taken in the Court of Customs and Patent Appeals to perfect the appeal, but, in so far as the Patent Office was concerned, the appeal had been taken by the action of the appellants as above set out. Bakelite Corporation v. National Aniline & Chemical Co., [2 Cir.], 83 F.2d 176, 177."

Other cases to the same effect such as Bakelite Corporation v. National Aniline & Chemical Co., 2 Cir., 83 F.2d 176, might be cited.

The Superior Oil Works argues that the commissioner properly performed

his statutory duty in dismissing the original appeal and that strictly speaking there was no appeal pending in this court inasmuch as the same had not been perfected, and cites several authorities to support its contention, among them being United States v. Nordbye, Judge, 8 Cir., 75 F.2d 744; In re Hitchcock, 47 App.D.C. 251; Nelson v. Berry et al., 59 F.2d 351, 19 C.C.P.A., Patents, 1270, and Midland Terminal Ry. Co. et al. v. Warinner, 8 Cir., 294 F. 185. We do not believe that these authorities support the contentions of the appellee. In every instance that we have observed where, after the filing of a notice of appeal and the assignments of error, or reasons of appeal as in the instant case, it was held that the court appealed from still had jurisdiction of the subject matter, it was in a proceeding where something remained to be done by that court to dispose of the case, other than dismissal. In the instant case we think the commissioner had lost jurisdiction (except as is indicated by rule XXV of this court) when the notice of appeal and reasons of appeal were filed, nor was his exercise of further jurisdiction in the premises analogous to the action of a court appealed from taking further steps in disposing of the issue involved. For the purpose of the application of the mandatory provisions of section 4911, an appeal had been *taken* and the commissioner had lost jurisdiction to comply with the mandate of the statute which we think was meant to apply to this court which had acquired jurisdiction for the purpose of dismissal.

It is obvious that jurisdiction to dismiss could not rest at the same time in two tribunals. Appellee contends (and as we understand it, the Solicitor for the Patent Office, who has favored us with a brief at our request, agreed with this contention) that the right to consider the question of dismissal could rest in both tribunals at the same time. For instance, it is urged by the appellee that when the notice of election is filed the papers are with the Patent Office and that the commissioner should dismiss and that if it transpired that, by virtue of the prompt filing of the notice of appeal and the transmission of the record to this court all the papers were in this court before the filing of a notice of election, it would then become our duty to consider the question of dismissal.

Surely, Congress did not intend that jurisdiction to determine the important question of dismissal should depend upon the promptness or lack of promptness of litigants or the speed in preparing records in the Patent Office. The fact that no record may ever reach this court, as is the possibility in the case at bar in the first appeal, does not change the situation. Our rule XXV expressly takes care of such a situation and authorizes the commissioner, under certain circumstances, to proceed as if no appeal had been taken.

Upon the first question, therefore, we hold that the commissioner had no authority to dismiss said appeal and that all action taken subsequent thereto, as far as the issues here are concerned, became a nullity.

As to whether or not appellant's second appeal should be dismissed upon the theory that the appeal did not involve an appealable question under the statute, it is unnecessary for us to decide, because in any event, in view of our conclusion upon the second question presented, it would have to be dismissed.

■ On the second question we, after very much reflection, are of the opinion that the first appeal must be dismissed. In deciding this issue we think it proper to state that few questions involving the application of the law relating to patents and trade-mark matters involve a more complicated situation than that presented here. In order that our position may be thoroughly understood it becomes necessary to review somewhat extensively the various holdings of the courts having a direct bearing upon the question presented. It must be remembered that there is no direct statutory authority for the dismissal of an appeal to this court under circumstances such as are at bar and that the only authority which can be invoked is by virtue of the above-quoted last sentence of section 9 of the trade-mark act of February 20, 1905, 15 U.S.C.A. § 89: "and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable."

■ The law is well settled that a defeated patentee-interferant cannot proceed under said section 4915 either voluntarily or by compulsion of his adversary. This question was first decided by this court in Farmer et al. v. Schweyer, 58 F.2d 1056, 19 C.C.P.A., Patents, 1247, and subsequently followed in our decisions in Bloodhart v. Levernier, 64 F.2d 367, 20 C.C.P.A., Patents, 917, and Preston et al. v. White, 92 F.2d 813, 25 C.C.P.A., Patents, 701.

In the case of Farmer et al. v. Schweyer, supra, we pointed out that in MacGregor v. Chesterfield, 31 F.2d 791, the District Court for the Eastern District of Michigan definitely held that a defeated patentee in an interference case could not proceed under section 4915, 35 U.S.C.A. § 63 and that Heidbrink v. McKesson, 6 Cir., 53 F.2d 321, was to the same effect. In Wettlaufer et al. v. Robins et al., 92 F.2d 573, the Circuit Court of Appeals for the Second Circuit expressed approval of our holding in Farmer et al. v. Schweyer, supra, and Bloodhart v. Levernier, supra. To the same effect was the holding of the Circuit Court of Appeals for the Second Circuit in Syracuse Washing Machine Corp. et al. v. Vieau et al., 72 F.2d 410. All the above-cited cases relate to the right of a patentee to proceed in equity after having been defeated in an interference proceeding.

In Pennzoil Company v. Hercules Powder Company, 95 F.2d 339, 25 C.C.P.A., Patents, 968, we had before us the question as to the analogy existing between patent and trade-mark cases on the question of procedure and the proper application of the last sentence in said section 9 of the trade-mark act, supra. There the Pennzoil Company, a defeated registrant in a trade-mark opposition proceeding appealed to this court, and the Hercules Powder Company had made its election to proceed under section 4915. As far as we are advised, the question presented there had never been presented to any court. After reviewing United States ex rel. Baldwin Co. v. Robertson et al., 265 U.S. 168, 44 S.Ct. 508, 509, 68 L.Ed. 962, and other cases, it was held that a defeated opposer with a registered trade-mark could not be required by his adversary's election to proceed under section 4915, 35 U.S.C.A. § 63. For the most part the decision was predicated upon the proposition that if it was not the intention of Congress to permit one with a patent to seek relief under section 4915 as against some action in the Patent Office, by analogy it could not have been its intention in enacting the controverted language in section 9 to authorize a defeated opposer-registrant to proceed under that section.

In United States ex rel. Baldwin Co. v. Robertson, supra, the following was said:

"We have held that the assimilation of the practice in respect of the registration of trade-marks to that in securing patents as enjoined by section 9 of the Trade-Mark Act makes section 4915, R.S., providing for a bill in equity to compel the Commissioner of Patents to issue a patent, applicable to a petition for the registration of a trade-mark when rejected by the Commissioner. American Steel Foundries v. Robertson, 262 U.S. 209, 43 S.Ct. 541, 67 L.Ed. 953; Baldwin Co. v. [R.S.] Howard Co., 256 U.S. 35, 39, 41 S.Ct. 405, 65 L.Ed. 816; [E.C.] Atkins & Co. v. Moore, 212 U.S. 285, 291, 29 S.Ct. 390, 53 L.Ed. 515.

"The present case presents this difference. The defeated party in the hearing before the Commissioner is not asking registration of a trade-mark, but is seeking to prevent the cancellation of trade-marks already registered. Section 9 provides for appeals to the District Court of Appeals, not only for a defeated applicant for registration of a trade-mark, but also for a dissatisfied party to an interference as to a trade-mark, a dissatisfied party who has filed opposition to the registration of a trade-mark and a dissatisfied party to an application for the cancellation of the registration of a trade-mark. It seems clear that the complainant below was a dissatisfied party to an application for the cancellation of the registration of a trade-mark. We think that both the applicant for cancellation and the registrant opposing it are given the right of appeal to the District Court of Appeals under that section.

"The next inquiry is whether in addition to such appeal and after it proves futile, the applicant is given a remedy by bill in equity as provided for a defeated applicant for a patent in section 4915, R.S. We have in the cases cited given the closing words of section 9 a liberal construction in the view that Congress intended by them to give every remedy in respect to trade-marks that is afforded in proceedings as to patents, and have held that under them a bill of equity is afforded to a defeated applicant for trade-mark registration just as to a defeated applicant for a patent. It is not an undue expansion of that construction to hold that the final words were intended to furnish a remedy in equity against the Commissioner in every case in which by section 9 an appeal first lies to the Court of Appeals. This necessarily would give to one defeated by the Commissioner as a party to an application for the cancellation of the registration of a trade-mark, after an unsuccessful appeal to the advisory supervision of the Court of Appeals, a right to resort to an independent bill in equity against the Commissioner to prevent cancellation.

"* * * The applicants in section 9 were of four kinds and to each of them were intended to be accorded the same resort to the Court of Appeals and the same remedy in equity as to the applicant for a patent in section 4915. The inherent differences between trade-marks and patents should not prevent our giving effect to the remedial purpose of Congress in carrying out the analogies between the two classes of privileges to secure a common procedure."

It will be noticed that the court stated in substance that a defeated opposer-registrant *could* proceed under section 4915. This of course was obiter because a defeated opposer-registrant was not involved in that case. If we had regarded the Baldwin case as binding upon us in the Pennzoil Co. case, it would have been necessary for us to have reversed in principle all the prior holdings of this court on that subject and to have ignored decisions of the other courts hereinabove cited. Regarding the above-quoted language relating to opposition cases as obiter as applied to the issue presented in the Pennzoil Co. case, we followed the logic and reasoning of our prior decisions and held that the opposer-registrant's appeal in this court should not be dismissed. We stated the following in the Pennzoil Co. case [95 F.2d 342]: "If it were a matter of first impression, it might, with some plausibility, be argued that the phrase 'and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable,' found in section 9, supra, referred only to the rules of practice and procedure in the Patent Office and the United States Court of Customs and Patent Appeals, and was not intended to be an authorization for filing a bill in equity in matters relating to trade-marks. However, the Supreme Court of the United States, as above indicated, has definitely held that by virtue of the language used in said section 9 and in section 4915 the right to file a bill in equity challenging the correctness of Patent Office action relating to trade-mark matters is definitely granted."

■ Briefly, the Baldwin case, supra, definitely held that a registrant defeated in a Patent Office cancellation proceeding had the right to proceed under section 4915 after he had exhausted his remedy by appealing to the Court of Appeals of the District of Columbia. The law then authorized a defeated party in a patent case to have two appeals in the Patent Office and one appeal to the Court of Appeals of the District of Columbia and then the additional right of proceeding in equity under section 4915. The history of the amendments made to sections 4911 and 4915 of the Revised Statutes is well recited in Hygienic Products Co. v. Coe, 66 App.D.C. 98, 85 F.2d 264, and Wettlaufer et al. v. Robins et al., supra, and need not be fully stated here. For the most part, the amendments were for the purpose of lessening the number of appeals and proceedings in patent matters. In 1927, section 4911 was amended so as to provide that appeals from decisions of the Patent Office might be taken direct to the Court of Appeals in the manner that they are now taken to this court, in which instance no right to proceed under section 4915 exists except upon the election of an adverse party. Section 4911, as amended, provides that if "any adverse party to such interference" files its notice of election all further proceedings should take place under section 4915. Section 4915 was amended in certain respects which are of no importance in the consideration of the involved controversy.

The only difference between this case and the Baldwin case, supra, is that in that case the defeated registrant, Baldwin & Co., voluntarily filed a bill under section 4915 after it had exhausted its remedy in the Court of Appeals, while in the instant case the Galena Company appealed here and appellee has attempted under its election rights to require the Galena Company to proceed under section 4915. The Supreme Court in the Baldwin case held that section 4915 afforded a remedy to a defeated registrant who might file a bill under the section to prevent the cancellation of its trade-mark. Now, it is clear that under the holding in the Baldwin case, the Galena Company, if it had chosen, could have proceeded under section 4915 instead of appealing to this court, and since this is true it would seem to follow that under the provisions of section 4911, when appellee filed its notice of election the Galena Company could properly proceed under section 4915, which, in what appears to be an abundance of caution, it has already done.

■ As we view the decision in the Baldwin case, supra, the principle decided there cannot be distinguished from the one which, if that decision is followed, we are required to apply here. We are frank to say that if it were a matter of first impression, we would hold, as we did in the Pennzoil case, that the language used in section 4915 with reference to the character of decree authorized does not warrant the

conclusion that Congress intended to authorize a defeated registrant in a cancellation proceeding to ask the equity court to prevent the cancellation of its mark. In effect, if the principle in the Baldwin case is applied, it would seem to suggest that the holdings of the Court of Appeals of the District of Columbia, the Circuit Courts of Appeals and this court on the right of a defeated patentee-interferant to file its bill under section 4915 were erroneous, but we do not feel at liberty to ignore the precise application of the Baldwin case to this issue, and, therefore, must hold that the Galena Company is authorized to proceed under section 4915 and that appellee's election requires it to do so.

In considering the precise issue decided in the Baldwin case, and the reasons assigned therefor, we have not overlooked the fact that there is a distinction to be observed between a defeated trade-mark registrant proceeding under section 4915 and a defeated interferant-patentee. A defeated interferant-patentee, if required to proceed under section 4915, would still have his patent regardless of any action that the equity court might take, while a defeated registrant in a trade-mark cancellation proceeding would lose his registration which is the sole matter involved. A defeated cancellation-registrant such as the appellant here may be distinguished from a defeated registrant in an opposition proceeding such as was involved in the Hercules Powder Co. case, supra, in that no trade-mark is to be cancelled as a result of the opposition proceedings.

For the reasons stated the so-called first appeal is dismissed. Since the first appeal is dismissed it follows that the second appeal (No. 4215) must also be dismissed and appellee's motion to this effect is sustained.

Dismissed.

LENROOT, Associate Judge, concurs in the conclusion.