## WALLACE & TIERNAN PRODUCTS, Inc., v. PITTSBURGH PLATE GLASS CO.

### Civil Action No. 3063.

District Court, W. D. Pennsylvania.

Nov. 11, 1944.

William B. Wharton, of Pittsburgh, Pa., and Drury W. Cooper and John N. Cooper, both of New York City, for plaintiff.

William B. Jaspert, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

Wallace & Tiernan Products, Inc., has filed its complaint wherein it prays a judgment of this court directing the Commissioner of Patents to issue a patent to it as assignee of one Franz C. Schmelkes. The complaint cites, as conferring jurisdiction upon the court, the provisions of

Section 4915, R.S., as amended, U.S.C.A. Title 35, § 63, which reads in part as follows:

"Sec. 4915. (U.S.C.A. title 35, § 63). Whenever a patent on application is refused by the Board of Appeals or whenever any applicant is dissatisfied with the decision of the Board of interference examiners, the applicant, unless appeal has been taken to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal or decision; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law. In all cases where there is no opposing party a copy of the bill shall be served on the commissioner; and all the expenses of the proceedings shall be paid by the applicant, whether the final decision is in his favor or not. In all suits brought hereunder where there are adverse parties the record in the Patent Office shall be admitted in whole or in part, on motion of either party, subject to such terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court may impose, without prejudice, however, to the right of the parties to take further testimony. The testimony and exhibits, or parts thereof, of the record in the Patent Office when admitted shall have the same force and effect as if originally taken and produced in the suit."

The complainant asserts that Franz C. Schmelkes was the inventor of an Organic Composition of High Chlorine Content and in due time after invention applied for Letters Patent thereon. The Patent Office then declared an interference with three patents which have been assigned to the defendant. In due time the interference proceeding was heard before the Board of Interference Examiners and judgment was rendered in favor of Schmelkes. Thereupon, in compliance with Patent Office practice, the assignors of these patents appealed to the United States Court of Customs and Patent Appeals, which reversed the decision of the Board of Interference Examiners. Following this reversal the complainant filed its action in this court.

Counsel for the defendant has moved to dismiss the complaint on the ground that the court is without jurisdiction and that the complaint fails to state a claim upon which relief can be granted.

The basis of the motion to dismiss is found in that portion of Section 4915, R.S., which allows an applicant for a patent who is dissatisfied with the decision of the Board of Interference Examiners to have a remedy by a bill in equity "unless appeal has been taken to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, * * *." This provision of the statute, counsel for defendant contends, makes the decision of the Court of Customs and Patent Appeals final, and leaves this court without jurisdiction.

Had this contention been made to the court without any respectable authority to the contrary, the court must admit that it would have received very serious consideration, because the statute, considered without reference to other sections of the statutes, or legislative history, seems to have just the effect claimed for it. But very respectable authority to the contrary exists which the court feels it should not ignore. See Wett-Laufer v. Robins, 2 Cir., 1937, 92 F.2d 573, certiorari denied, 302 U.S. 766, 58 S.Ct. 477, 82 L.Ed. 594; Minnesota Mining & Mfg. Co. v. Van Cleef 7 Cir., 139 F.2d 550; Galena Mfg. Co. v. Superior Oil Works, 1939, 26 C.C.P.A. Patents, 1301, 104 F.2d 400, certiorari denied, 308 U.S. 609, 60 S.Ct. 173, 84 L.Ed. 509. These cases, and several others, overruled the same contention that is now made, and hold that the right to a bill in equity exists in the case of the unsuccessful applicant, but not to the applicant who has been granted the patent. They refer to Section 4911, R.S., 35 U.S.C.A. § 59a, and the legislative history of the amendment to the Act, to show that the intent of the Congress was not to take away the right of the losing applicant for a patent to finally proceed by bill in equity, as has theretofore been the policy of the statute prior to amendment.

The motion to dismiss will be denied.